UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-cv-22864-COOKE/GOODMAN

JUAN COLLINS and JOHN FOWLER, on
behalf of themselves and all others
similarly situated,

    Plaintiff,

v.

QUINCY BIOSCIENCE, LLC,
a Wisconsin limited liability company,

    Defendant.
_____/

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY SUPPORTING THEIR OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE THE CLASS ALLEGATIONS THEREIN**

    Plaintiffs submit as supplemental authority in support of their opposition to Quincy's motion to dismiss the amended complaint, [ECF No. 27], the report and recommendations recommending the denial of Quincy's motion to dismiss in Max *Engert, et al. v. Quincy Bioscience, LLC, et al.*, No. 1:19-cv-00183-LY, ECF No. 30 (W.D. Tex. Oct. 8, 2019), a copy of which is attached as Exhibit A.

    The court in *Engert* refused to consider the Madison Memory Study in deciding the motion to dismiss, finding that although Quincy's advertisements are clearly integral to Plaintiffs' claims, the Madison Memory Study was not central to Plaintiff's claims. Ex. A, 6. The *Engert* court further found that the Madison Memory Study's reliability was a disputed issue of fact and therefore not appropriate for determination in a Rule 12(b)(6) motion to dismiss, and concluded that "Defendant's argument that all of Plaintiffs' claims should be dismissed based on the Study is meritless." Ex. A, 8.

    Moreover, the *Engert* court found that Plaintiffs have pled the "who, what, when, where, and how" of their Texas Deceptive Trade Practices Act claim with the requisite

specificity required by Rule 9(b) by alleging (1) that "Defendant made false and misleading statements regarding Prevagen in television commercials, on Prevagen's packaging, and on its bottle label;" (2) false and misleading statements made by Defendant: "Prevagen improves memory; supports healthy brain function, sharper mind, and clearer thinking; and has been clinically shown to improve memory within 90 days;" (3) the "when and where they were exposed to the alleged false and misleading statements;" and (4) "that Prevagen cannot do what Defendant claims because it is fully digested and cannot affect the brain." Ex. A, 9–10 (citing *Racies v. Quincy Bioscience, LLC*, No. 4:15-cv-00292-HSG, 2015 WL 2398268, at *4 (N.D. Cal. May 19, 2015), and *FTC v. Quincy Bioscience Holding Company, Inc.*, 753 F. App'x 87, 89 (2d Cir. 2019) with approval in making its findings).

Finally, the *Engert* Court rejected Quincy's argument "that Plaintiffs cannot bring a lack of substantiation claim in this case because only the government can bring such claims," concluding that "Plaintiffs' FAC does not raise a lack of substantiation claim in this case; nor are they attempting to bring a claim under the FTC Act. Accordingly, this argument is also without merit." Ex. A., 13–14 (citations omitted).

| | |
|---|---|
| Dated: October 11, 2019 | Respectfully submitted, |
| | By: /s/ *Adam Moskowitz* |
| | Adam M. Moskowitz |
| | Adam Moskowitz, Esq. |
| | Florida Bar No. 984280 |
| | adam@moskowitz-law.com |
| | Howard M. Bushman, Esq. |
| | Florida Bar No. 0364230 |
| | howard@moskowitz-law.com |
| | Joseph M. Kaye, Esq. |
| | Florida Bar No. 117520 |
| | joseph@moskowitz-law.com |
| | Curtis E. Osceola, Esq. |
| | Florida Bar No. 1015979 |
| | curtis@moskowitz-law.com |
| | **THE MOSKOWITZ LAW FIRM, PLLC** |
| | 2 Alhambra Plaza |
| | Suite 601 |
| | Coral Gables, FL 33134 |
| | Telephone: (305) 740-1423 |

Jack Scarola, Esq.
Florida Bar No. 169440
jsx@searcylaw.com
**SEARCY DENNEY SCAROLA BARNHART & SHIPLEY PA**
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409
Telephone: (561) 686-6300
Fax: (561) 383-9451

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system, which will serve a copy of this notice on all counsel of record.

By: */s/ Adam Moskowitz*
Adam M. Moskowitz