UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PREVAGEN PRODUCTS MARKETING AND
SALES PRACTICES LITIGATION (NO. II)                              MDL No. 2929


ORDER DENYING TRANSFER


**Before the Panel**:[*]   Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., Quincy Bioscience Manufacturing, LLC, Mark Underwood, and Michael Beaman (collectively Quincy Defendants) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of New York.  The litigation consists of three actions in the Southern District of New York, one action in the Southern District of Florida, and one action in the Western District of Texas, as listed on the attached Schedule A.

Responding plaintiffs' positions on centralization vary.  Plaintiffs in the Southern District of New York *Karathanos* and *Vanderwerff* actions support centralization in the Southern District of New York, but only if the MDL also includes a related action in that district brought by the Federal Trade Commission and the Attorney General for the State of New York (*FTC/NYAG*). Plaintiff in the Southern District of New York *Spath* action also supports centralization in the Southern District of New York, and prefers including the *FTC/NYAG* action in the MDL, but does not condition her support on its inclusion.  Plaintiffs in the Southern District of Florida *Collins* and Western District of Texas *Engert* actions oppose centralization.  The *Collins* plaintiffs further argue that if centralization is ordered over their objections, the Panel should exclude *Collins* from the MDL, based on the action's advanced procedural posture.

This litigation, which involves allegations that defendants falsely and deceptively marketed Prevagen, a dietary supplement, as improving memory and providing other cognitive benefits, is before us for a second time.  At our May 2017 hearing session, we denied these same defendants' motion for centralization of four actions pending in four districts.  *In re Prevagen Mktg. & Sales Practices Litig.*, 283 F. Supp. 3d 1379 (J.P.M.L 2017) (*Prevagen I*).  At that time, the subject actions included the *FTC/NYAG* action, the *Karathanos* and *Vanderwerff* actions (which were then pending in the Eastern District of New York and the District of New Jersey, respectively), and an action in the Northern District of California (*Racies*).  In our order denying centralization, we cited the following grounds for the denial: (1) there were only four actions and no tag-alongs, and the *Karathanos* and *Vanderwerff* plaintiffs shared counsel; (2) the *Racies* action was in an advanced procedural posture – it had been pending for over two years and "significant discovery" had taken place; and (3) the common factual issues did not seem unusually complex, given that the Prevagen website listed only a single clinical trial of the supplement's efficacy (the Madison Memory Study),

---

[*]   Judge Karen K. Caldwell took no part in the decision of this matter

-2-

and the report describing that study and its results was only ten pages long.  *Id*. at 1380.

After considering the parties' arguments,[1] we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation.  As we previously have stated, we will grant a follow-up motion for centralization "only rarely," and upon a showing of "a significant change in circumstances."  *In re Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1378 (J.P.M.L. 2013).  We find no such change here.  There are only five actions in three districts, and no potential tag-along actions.  The *Karathanos* and *Vanderwerff* plaintiffs continue to share counsel (and appear to be coordinating with the *Spath* plaintiff's counsel).[2]  With the exception of Western District of Texas *Engert*, most actions are in a fairly advanced procedural posture.  For example, fact discovery in Southern District of Florida *Collins* is set to close on April 10, 2020, and the fact discovery cut-off in *FTC/NYAG* (which the Quincy Defendants also state they wish to follow with respect to at least *Karathanos*, *Vanderwerff*, and *Spath*) recently was extended from April 30, 2020, to July 31, 2020.  And the common factual issues do not appear to have grown significantly – in either number or complexity – since the denial of centralization in *Prevagen I* (for example, the Madison Memory Study remains the only clinical study of Prevagen's effectiveness).  Given these circumstances, we continue to believe that alternatives to centralization are practicable, and that formal centralization under Section 1407 is not necessary.  *See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (listing various methods for minimizing duplicative pretrial proceedings).

---

[1] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel considered without oral argument all matters considered at its hearing session of March 26, 2020, pursuant to Panel Rule 11.1(c).  *See* Order Dispensing with Oral Argument in All Dockets, MDL No. 2929 (J.P.M.L. Mar. 12, 2020), ECF No. 34.

[2] For example, in the three Southern District of New York cases, the parties have jointly proposed coordinating fact and expert discovery with the *FTC/NYAG* action.

-3-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Ellen Segal Huvelle
Acting Chair

R. David Proctor  Catherine D. Perry
Nathaniel M. Gorton  Matthew F. Kennelly
David C. Norton

**IN RE: PREVAGEN PRODUCTS MARKETING AND
SALES PRACTICES LITIGATION (NO. II)**                    MDL No. 2929

# SCHEDULE A

<u>Southern District of Florida</u>

COLLINS v. QUINCY BIOSCIENCE, LLC, C.A. No. 1:19-22864

<u>Southern District of New York</u>

SPATH v. QUINCY BIOSCIENCE HOLDING COMPANY, INC., ET AL.,
     C.A. No. 1:19-03521
VANDERWERFF v. QUINCY BIOSCIENCE HOLDING COMPANY, INC., ET AL.,
     C.A. No. 1:19-07582
KARATHANOS v. QUINCY BIOSCIENCE HOLDING COMPANY, INC., ET AL.,
     C.A. No. 1:19-08023

<u>Western District of Texas</u>

ENGERT, ET AL. v. QUINCY BIOSCIENCE, LLC, C.A. No. 1:19-00183