# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 19-22864-Civ-COOKE/GOODMAN**

JUAN COLLINS and JOHN FOWLER,
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.

QUINCY BIOSCIENCE, LLC,
a Wisconsin limited liability company,

      Defendant.

_____/

**<u>SETTLEMENT AGREEMENT AND RELEASE</u>**

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between the following parties on June 22, 2020: Plaintiffs Juan Collins and John Fowler, individually and on behalf of the Settlement Class (hereinafter "Plaintiffs" or "Class Representatives"), on the one hand, and Quincy Bioscience, LLC ("Defendant" or "Quincy"), Quincy Bioscience Holding Company, Inc., Prevagen, Inc., Quincy Bioscience Manufacturing, LLC, Mark Underwood, and Michael Beaman (collectively, with Defendant, the "Settling Defendants"), on the other hand, in the action entitled *Collins, et al. v. Quincy Bioscience LLC*, No. 19-22864-Civ-COOKE/GOODMAN (the "Action").

**I. DEFINITIONS**

As used in this Agreement and all related documents, the following terms have the following meanings:

A.    "Additional Plaintiffs" means Philip Racies, Elaine Spath, John Karathanos, James Vanderwerff, Max Engert, Jack Purchase, Ronald Atkinson, and Diana Miloro.

B.    "Agreement" means this Settlement Agreement and Release.

C.    "Second Amended Complaint" means the pleading to be filed prior to the Final Judgment defined below is entered and which will be the operative pleading for purposes of entering Final Judgment.

D.    "Claim" means the claim of a Settlement Class Member submitted as provided in this Agreement.

E.     "Claim Form" means a claim form in substantially the same form and substance as the claim form attached hereto as Exhibit A, however, the parties recognize and agree that the Claim Form may be revised to apply fraud-filtering measures to claimants that receive a Claim Form by mail and that the on-line Claim Form may appear in a different format.

F.     "Claim Period" means the time period in which Class Members may submit a Claim Form for review to the Class Action Settlement Administrator. The Claim Period shall run for at least sixty (60) days from the date that Class Notice is initially disseminated.

G.     "Claims Process" means the process for Settlement Class Members' submission of Claims as described in this Agreement.

H.     "Class Action Settlement Administrator" means the third-party agent or administrator agreed to by the Parties and appointed by the Court. The Parties agree that KCC Class Action Services, LLC shall be retained to implement the claims and settlement requirements of this Agreement. Any and all agreements with the Class Action Settlement Administrator shall be in writing and be subject to the approval of the Settling Defendants and Class Counsel. The Settling Defendants shall bear sole responsibility for all payments to the Class Action Settlement Administrator without any dilution to monies due to paid herein to Settlement Class Members and Class Counsel. Further, all actions of the Class Action Settlement Administrator shall be subject to the oversight of the Parties.

I.     "Class Counsel" or "Co-Lead Class Counsel" means Adam M. Moskowitz of The Moskowitz Law Firm, PLLC and John Scarola of Searcy Denney Scarola Barnhart & Shipley P.A.

J.     "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VII of the Agreement substantially in the form attached as Exhibit B.

K.     "Class Period" means January 1, 2007 through the date of Preliminary Approval of Class Settlement.

L.     "Effective Date" means (a) if no objection is raised to the proposed settlement at the Final Approval Hearing, the date on which the final approval order and judgment is entered; or (b) if any objections are raised to the proposed settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the final approval order and judgment, (ii) the date of final affirmance of any appeal of the final approval order and judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the final approval order and judgment and, if certiorari is granted, the date of final affirmance of the final approval order and judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the final approval order and judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment.

M.     "Final Approval Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable, and adequate and entry by the Court of a Final Judgment and order thereon.

N.     "Final Judgment" means the judgment the Court enters, finally approving the class settlement. A proposed Final Judgment is attached hereto as Exhibit C.

O.     "Internet Notice" means notice of the proposed settlement to be provided to potential Settlement Class Members under Section VII of the Agreement. The Internet Notice shall be substantially in the form as the notice attached hereto as Exhibit D.

P.     "Objection/Exclusion Deadline" means the date 21 days prior to the Final Approval Hearing days from the date that Class Notice is initially disseminated.

Q.     "Parties" means the Class Representatives, the Additional Plaintiffs, and the Settling Defendants.

R.     "Plaintiffs' Counsel" means all counsel for Plaintiffs in the Prevagen Actions, defined below, including, but not limited to 1) Adam M. Moskowitz, Howard M. Bushman, Joseph M. Kaye of the Moskowitz Law Firm, PLLC; 2) John Scarola of Searcy Denney Scarola Barnhart & Shipley P.A.; 3) Elaine A. Ryan and Patricia N. Syverson of Bonnett, Fairbourn, Friedman & Balint, P.C.; 4) Kevin Roddy of Wilentz, Goldman & Spitzer, P.A.; 5) Scott A. Kamber of Kamber Law LLC; and 6) Don Foty of Hodges & Foty LLP.  Plaintiffs' Counsel also includes any partner or attorney employed by these law firms.

S.     "Preliminary Approval" means the date the Court preliminarily approves the settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

T.     "Prevagen Actions" means *Collins, et al. v. Quincy Bioscience LLC*, No. 19-22864-Civ-COOKE/GOODMAN (S.D. Fla.); *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG, (N.D. Cal.) ("*Racies*"); *Vanderwerff v. Quincy Bioscience Holding Co., Inc., et al.*, Case No. 1:19-cv-07582-RA (S.D.N.Y.) ("*Vanderwerff*"); *Karathanos v. Quincy Bioscience Holding Co., Inc., et al.*, Case No. 1:19-cv-08023-RA (S.D.N.Y.) ("*Karathanos*"); *Spath v. Quincy Bioscience Holding Co., Inc., et al.*, Case No. 1:19-cv-03521-RA (S.D.N.Y.) ("*Spath*"); *Engert et al. v. Quincy Bioscience, LLC*, No. 1:19-cv-183-LY (W.D. Tex.) ("*Engert*"); and *Miloro v. Quincy Bioscience, LLC,* No. 16PH-cv01341 (Mo. Cir. Ct.) ("*Miloro*").

U.     "Prevagen Products" means the following Prevagen® products in the United States:

    i.   Prevagen Regular Strength 30 Count,
   ii.   Prevagen Regular Strength Chewables,
  iii.   Prevagen Regular Strength 60 Count,
  iv.   Prevagen Extra Strength 30 Count,
   v.   Prevagen Extra Strength Chewables,
  vi.   Prevagen Extra Strength 60 Count, and

vii.   Prevagen Professional Strength.

V.   "Proof of Purchase" means acceptable documentation that provides proof of purchase of Prevagen Products. Such acceptable documentation will consist of receipts, copies of receipts, invoices, loyalty card records (such as print out from a loyalty program), direct purchase records, or other legitimate, documentary proof showing payment to an authorized retailer or a Settling Defendant for Prevagen Products that were not used as proof for any other claim.

W.   "Settlement" means settlement of the Action pursuant to the terms and conditions of this Agreement.

X.   "Settlement Class" means: All individuals who purchased one or more Prevagen Products, as defined in section I.U., *supra*, from a Settling Defendant or from a reseller authorized by the Settling Defendants to sell Prevagen Products, for personal consumption and not resale, within the United States, from January 1, 2007 through the date of Preliminary Approval. Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of a Settling Defendant or any of its respective affiliates; and (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons.

Y.   "Settlement Class Member" means any member of the Settlement Class.

## II. LITIGATION BACKGROUND

A.   Plaintiff Collins commenced this Action by filing a Class Action Complaint and Demand for Jury Trial on July 11, 2019. ECF No. 1. Plaintiff Collins and Plaintiff Fowler filed an Amended Class Action Complaint and Demand for Jury Trial on September 11, 2019. ECF No. 15. After reviewing the information and discovery produced in the *Racies* action, as well as consulting with their own experts, Plaintiffs filed a comprehensive motion for class certification on September 17, 2019. ECF No. 21. The Court referred that motion to Judge Goodman for a report and recommendation. ECF No. 23. After Plaintiffs filed their class certification motion, Plaintiffs and Quincy filed 20 additional submissions through the course of discovery and class proceedings to fully brief the motion. R&R at 5–6 (citing submissions).

B.   On September 25, 2019, Quincy moved to dismiss this Action. ECF Nos. 25, 27–29, 34, and 89. Quincy's motion to dismiss is currently pending. On May 29, 2020, Quincy filed a motion for summary judgment on other grounds. ECF Nos. 138-141.

C.   Plaintiffs and Quincy conducted extensive discovery, including the depositions of both Plaintiffs Collins and Fowler, the corporate representative deposition of Quincy, depositions of Quincy's Chief Financial Officer and Market Development Director, and the exchange of substantial document requests, in response to which Quincy produced approximately 40,077 documents consisting of over 160,000 pages, requests for admissions and interrogatories. Plaintiffs have also issued third party subpoenas to Florida retailers regarding their sales of Prevagen within Florida. ECF Nos. 54-6 (Walmart), 56 (Amazon and The Vitamin Shoppe), 72 (The Vitamin Shoppe).

D.      Judge Goodman held an over 5-hour hearing on Plaintiffs' motion for certification. ECF No. 84. After considering additional post-hearing briefing, Judge Goodman entered a Report and Recommendation certifying a Florida class of Prevagen purchasers. ECF No. 119. Quincy filed objections to the R&R, which Plaintiffs opposed and which are currently pending before Judge Cooke for decision. ECF Nos. 129–130.

E.      All Court-imposed deadlines have been followed.

F.      In addition to this matter, as of the date of this Settlement, Prevagen Actions were previously filed and/or pending throughout the country. *Racies,* filed in the Northern District of California in February 2015, was the first-filed class action brought in the country against Quincy alleging deceptive marketing and sales of Prevagen. In December, 2017, the Court granted certification of a California class of Prevagen purchasers. *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG, 2017 WL 6418910, at *1 (N.D. Cal. Dec. 15, 2017). After extensive litigation of pretrial issues, including summary judgment motions and *Daubert* motions, *Racies* was tried before a jury in January 2020; however, the district court declared a mistrial after a jury deadlock, and the California class was later de-certified. *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG, 2020 WL 2113852, at *1 (N.D. Cal. May 4, 2020).

G.      In 2016, the *Miloro* matter was filed in Missouri state court on behalf of Missouri purchasers of Prevagen Products. By agreement of the parties to that action, *Miloro* was stayed for much of the past four years but Defendant produced all of the documents that were produced in the *FTC* Action and the *Racies* matter. The parties to that action engaged in extensive settlement efforts including several mediation sessions before Hon. Wayne Andersen (Ret.) and multiple in-person negotiations took place between Quincy and Miloro's Counsel. Ultimately, an agreement-in-principle was reached but was conditioned on FTC action that did not take place. At that time, in March 2020, the stay was lifted and Quincy filed a motion to dismiss which is still pending.

H.      In February 2017, the *Vanderwerff* and *Karathanos* actions were filed on behalf of New Jersey and New York consumers, respectively.  Although those cases were originally filed in the District of New Jersey and the Eastern District of New York, they were eventually transferred to the Southern District of New York.  Meanwhile, motions to dismiss have been fully briefed in *Vanderwerff* and *Karathanos* and are still pending. In 2018, the *Spath* action was filed in the District of New Jersey on behalf of New Jersey purchasers of Prevagen Products. The *Spath* case was also subsequently transferred to the Southern District of New York.  On June 3, 2020, Judge Ronnie Abrams in the Southern District of New York stayed the *Vanderwerff*, *Karathanos*, and *Spath* actions pending approval of this Settlement.

I.      In February 2019, the *Engert* action was filed in the Western District of Texas seeking to represent Texas purchasers of Prevagen Products (and alternatively a nationwide class of purchasers of Prevagen Products). The *Engert* court denied Quincy's Motion to Dismiss on October 8, 2019.

J.      Defendant, twice, unsuccessfully moved the Judicial Panel on Multidistrict Litigation to coordinate the then-pending Prevagen Actions to a single court.

K.     The Settling Defendants expressly deny any liability or wrongdoing of any kind associated with the claims alleged in the Prevagen Actions and maintain that the labeling, packaging, advertising and marketing of Prevagen have always been truthful and not deceptive. The Settling Defendants further contend that, for any purpose other than this Settlement, the Prevagen Actions are not appropriate for class treatment. The Settling Defendants do not admit or concede any actual or potential fault, wrongdoing, or liability concerning or relating to the allegations made in the Prevagen Actions.

L.     Class Counsel has conducted a thorough investigation into the facts surrounding the Action. This investigation included but was not limited to: factual research; legal research; collecting and reviewing of documents and data through discovery and otherwise; and reviewing the trial testimony and outcome of the *Racies* trial in California.

M.     Counsel for the Parties, along with counsel from all Prevagen Actions, participated in multiple mediation sessions with the Honorable John W. Thornton (Ret.) on April 22, May 4, May 21, and May 26, 2020. Before, during, and after the mediation, the Parties engaged in a series of discussions, with and without Judge Thornton, regarding a settlement of the Prevagen Actions, including substantial arm's-length negotiations. The result was this Settlement, which includes the settlement of the Action in its entirety and also all of the remaining Prevagen Actions, culminating with this Agreement.

I.     Based on the above-outlined discovery and investigation, the current state of the law, the expense, burden, and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the defenses at issue, the sharply contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Class Counsel has concluded that this  Settlement with the Settling Defendants on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of all known facts and circumstances.

J.     The Settling Defendants and their counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and through possible appeals. The Settling Defendants also recognize that the expense and time spent defending the Prevagen Actions has and will further detract from resources that may be used to run their business. While the Settling Defendants deny any wrongdoing or liability arising out of any of the facts or conduct alleged in the Prevagen Actions and believe that they have valid defenses to Plaintiffs' and Additional Plaintiffs' claims, the Settling Defendants have determined that the Settlement is fair, adequate, and reasonable.

## III. CERTIFICATION

A.     Certification of Class: Solely for the purposes of this Settlement, and without any finding or admission of any wrongdoing or fault by any of the Settling Defendants, and pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Class, pursuant to Federal Rule of Civil

Procedure 23(b)(3) and 23(b)(2). Juan Collins and John Fowler will serve as Class Representative plaintiffs and Adam Moskowitz of The Moskowitz Law Firm, PLLC and John Scarola of Searcy Denney Scarola Barnhart & Shipley PA will serve as Co-Lead Class Counsel.

B.    Certification is Conditional: This certification is for Settlement purposes only and is conditional on the Court's approval of this Agreement. In the event that this Agreement is terminated pursuant to Section IV.B.7 of this Agreement, then certification of the Settlement Class shall be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in the Action, the Prevagen Actions, or in any other case or controversy. In the event the Court does not approve of all terms of the Agreement, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to and without waiver of the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and the Settling Defendants shall not be deemed to have waived any opposition or defenses they have to any of the claims asserted herein or to whether those claims are amenable to class-based treatment.

## IV. SETTLEMENT CONSIDERATION

In consideration of the mutual covenants and promises set forth herein, and subject to Court approval, the Parties, including Additional Plaintiffs and Plaintiffs' Counsel, agree as follows:

A.    **Injunctive Relief**: The Parties have agreed to the following Injunctive Relief. For the purpose of the Injunctive Relief portion of this Agreement, the following definitions apply:

1.    **"Covered Product"** means all Prevagen Products as defined in this Agreement.

2.    "**Competent and reliable scientific evidence**" are "tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results."

3.    **Prohibited Representations: Improving Memory**

The Settling Defendants agree that they will not make, or assist others in making, expressly or by implication, including through the use of a product name, endorsement, testimonial, depiction, or illustration, any representation that such Covered Product with respect to humans:

A. improves memory;
B. improves memory within 90 days or any other period of time; or
C. reduces memory problems associated with aging;

7

*CASE NO.: 19-22864-Civ-COOKE/GOODMAN*
*Settlement Agreement and Release*

unless the representation is non-misleading. A representation is non-misleading if, at the time of making such representation, the Settling Defendants possess and rely upon competent and reliable scientific evidence substantiating that the representation is true, or if the representation is clearly and conspicuously qualified by either:

    a.    A disclaimer substantially similar to the following: "Based on a clinical study of subgroups of individuals who were cognitively normal or mildly impaired. This product is not intended to diagnose, treat, cure, or prevent any disease."; or

    b.    A disclaimer substantially similar to the following: "Based on results from two subgroups of individuals who participated in a randomized double blind placebo controlled clinical study. Participants in the two subgroups were cognitively normal or mildly impaired. This product is not intended to diagnose, treat, cure, or prevent any disease."

    B.    <u>Monetary Relief</u>: the Settling Defendants shall offer partial refunds to Settlement Class Members for purchases of Prevagen Product(s) based upon a two-tier monetary relief structure to be distributed through an uncapped claims-made settlement, where, subject to the following provisions of the Claims Process:

    1.    The Settling Defendants agree to pay to all Settlement Class Members with Proof of Purchase who submit a valid "Claim Form," a cash refund of 30% of the Quincy MSRP for the Prevagen Products those claimants purchased within the Class Period, **up to $70 per individual claimant.** These claims will be referred to herein as "Proof of Purchase Claims," and each such claimant a "Proof of Purchase Claimant";

    2.    The Settling Defendants agree to pay to all Settlement Class Members without Proof of Purchase who submit a valid "Claim Form" a cash refund of 30% of the Quincy MSRP for the Prevagen Products those claimants purchased within the Class Period, **up to $12 per claimant.** These claims will be referred to herein as "No Proof Claims," and each such claimant a "No Proof Claimant";

    3.    For purposes of this Section IV. B. the "Quincy MSRP" shall be defined as:

    •    $39.95 for Prevagen Regular Strength 30 Count or Prevagen Regular Strength Chewables;

    •    $74.95 for Prevagen Regular Strength 60 Count;

- $59.95 for Prevagen Extra Strength 30 Count or Prevagen Extra Strength Chewables;
- $109.95 for Prevagen Extra Strength 60 Count; and
- $89.95 for Prevagen Professional Strength.

4.    Claim Forms will be provided to the Class Action Settlement Administrator by a secure and reliable form of transmission such as via online Internet submissions or via U.S. Mail by the conclusion of the Claims Period based on the date of Postmark.

5.    The Settling Defendants, through the Class Action Settlement Administrator, shall honor and administer the payment of all valid and eligible Claims submitted either through U.S. mail or online via the Settlement Website within the Claim Period. Neither the Settling Defendants nor the Class Action Settlement Administrator shall be obligated to honor untimely Claims received by the Class Action Settlement Administrator after the Claim Period.

6.    The Settling Defendants shall fund the total amount to be paid to eligible Settlement Class Members within thirty (30) days after the Class Action Settlement Administrator determines the total amount to be paid for valid and eligible Claims (which determination the Class Action Settlement Administrator shall make thirty (30) days after the Claims Period ends or twenty (20) days after the Effective date, whichever is later). The Settling Defendants shall place said funds in an agreed-upon institutional account. The Class Action Settlement Administrator shall then pay all valid and eligible Claims within thirty (30) days after the Settling Defendants deposits the funds to be paid.

7.    Any Party shall have the right, but not the obligation, to unilaterally terminate this Agreement (and the Settlement) within fourteen (14) days of any of the following occurrences:

    a.    an appellate court reverses the Final Approval Order and Judgment, and the Agreement is not reinstated without material change by the Court on remand;

    b.    any court deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or the Agreement in a way that Plaintiffs or the Settling Defendants reasonably consider material,

CASE NO.: 19-22864-Civ-COOKE/GOODMAN
*Settlement Agreement and Release*

unless such modification or amendment is accepted in writing by all Parties;

    c.    the Effective Date set forth in the Agreement does not occur; or

    d.    more than ten percent (10%) of the Settlement Class opts out.

8.    Notwithstanding the foregoing, neither Plaintiffs nor Class Counsel shall have any right to terminate the Agreement in the event the Court declines Plaintiffs' and/or Class Counsel's requests for Attorneys' Fees, Expenses and/or Incentive Awards, or awards less than the amounts sought. However, Plaintiffs shall have the right to appeal the denial of their requests for Attorneys' Fees, Expenses and/or Incentive Awards.

9.    In order to exercise his, her, or its right to terminate this Agreement, the terminating Party must timely serve written notice of his, her, or its election to do so, which states the basis for the termination ("Termination Notice"), on counsel of record for all other Parties hereto. A Party's termination of this Agreement is effective only if and when notice of same is timely served on counsel of record for the Parties.

10.    In the event this Agreement is terminated, then:

    a.    the certification of the Settlement Class and any other judgment or order relating in any way to this Settlement entered by the Court in the Action will be void and deemed vacated, *nunc pro tunc*, and without prejudice to the Settling Defendants' right to contest class certification and their right to exercise all other rights and defenses in any of the Prevagen Actions;

    b.    the Parties shall be restored to their respective positions prior to the entering into the Settlement status quo ante as if this Agreement had never been entered into, except for any provisions of this Agreement that expressly survive termination; and

    c.    Any Party that terminates this Agreement shall be obligated to pay all reasonable costs and fees incurred by the Class Action Settlement Administrator.

8.    Confirmatory Discovery: While the Parties have already conducted extensive discovery, they will be entitled to further confirmatory discovery to the extent necessary to support the Settlement.

10

## V. ATTORNEYS FEES AND CLASS REPRESENTATIVE AWARD

Co-Lead Class Counsel agrees that it will apply to the Court for attorneys' fees, costs, and expenses in an amount not to exceed four million two-hundred fourteen thousand dollars ($4,214,000.00 USD). This is an inclusive amount and specifically includes all costs and fees incurred by Co-Lead Class Counsel and Plaintiffs' Counsel in connection with the Prevagen Actions thus far, as well as ongoing and future costs and fees through finalization of Settlement of this Action. This amount shall be the sole responsibility of, and will solely be paid by the Settling Defendants above and beyond any relief provided to the Settlement Class. Co-Lead Class Counsel will, in their sole discretion, allocate and distribute among all Plaintiffs' Counsel and any other counsel, if applicable, the fees and reimbursed expenses that they receive pursuant to the final order awarding the attorneys' fees and expenses from this Settlement. Disagreements, if any, among Plaintiffs' Counsel and any other counsel, if applicable, relating to their respective shares of any such fee and expense award will have no impact on the effectiveness or the implementation of this Settlement Agreement, nor will such disagreements increase, modify, or otherwise affect the obligations imposed upon the Settling Defendants by this Settlement Agreement. Any such disagreements will be resolved by the Court.

Co-Lead Class Counsel agrees that it will apply to the Court for an incentive award to Class Representatives Juan Collins and John Fowler in an amount not to exceed ten thousand dollars each ($10,000.00 USD), for their participation as the Class Representatives, for taking on the risks of litigation, and for Settlement of their individual claims as a Settlement Class Member in this Action. Further, Co-Lead Class Counsel agrees that it will apply to the Court for an incentive award to the Additional Plaintiffs Philip Racies, Elaine Spath, John Karathanos, James Vanderwerff, Max Engert, Jack Purchase, Ronald Atkinson, and Diana Miloro in an amount not to exceed two thousand dollars each ($2,000.00 USD), for their participation as the putative class representatives in the Prevagen Actions, for taking on the risks of litigation, and for Settlement of their individual claims as a Settlement Class Member in this Action.

The Settling Defendants agree not to oppose Class Counsel's motion for attorneys' fees and costs and incentive awards, provided that the requested attorneys' fees and costs and incentive awards do not exceed a total of four million two hundred fifty thousand dollars ($4,250,000.00 USD) in the aggregate. Plaintiffs and Class Counsel agree not to move for attorneys' fees and costs and incentive awards exceeding four million two hundred fifty thousand dollars ($4,250,000.00 USD) in the aggregate. The full Attorneys' Fees and Costs that are approved by the District Court shall be paid to the Trust Account of the Moskowitz Law Firm, PLLC, in accordance with the Schedule of Payments attached hereto as Exhibit E.  Co-Lead Class Counsel, the Class Representatives, and Additional Plaintiffs agree to provide the Settling Defendants all identification information necessary to effectuate the payment of the fees and costs including, but not limited to, Taxpayer Identification Number(s), and completed Internal Revenue Service Form W-9(s).

This Agreement will remain effective for all purposes irrespective of whether the Court grants Class Counsel's request for attorneys' fees or awards Class Counsel, the Class Representatives, or the Additional Plaintiffs a lesser amount than that requested.

*CASE NO.: 19-22864-Civ-COOKE/GOODMAN*
*Settlement Agreement and Release*

## VI. RELEASE

Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge the Settling Defendants, and all of their present and former parent companies, subsidiaries, special purposes entities formed for the purpose of administering this Settlement, shareholders, owners, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Co-Lead Class Counsel, Plaintiffs' Counsel, Class Representatives, Additional Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the claims alleged in the Action and the Prevagen Actions.

## VII. NOTICE TO THE SETTLEMENT CLASS AND PURSUANT TO THE CLASS ACTION FAIRNESS ACT

Class Notice: The Settling Defendants, at their cost, shall cause the Class Notice to issue in accordance with the requirements of the Preliminary Approval Order, as follows:

A. Subject to the approval of the Court and to begin no later than forty-five (45) days after the order of Preliminary Approval, the Settling Defendants shall cause the Internet Notice to be implemented in substantially the form attached as Exhibit D in the manner recommended by the Class Action Settlement Administrator which will include, but not be limited to: (i) internet notice; (ii) establishment of a Settlement website; and (iii) through U.S. mail or e-mail (along with a Claim Form) to consumers (at their most recent physical address or email address in the Settling Defendants' possession) who have purchased one or more Prevagen Products directly from the Settling Defendants (as opposed to from a non-party retailer). In addition, Class Notice, in substantially the form attached hereto as Exhibit B, shall be published on the Settlement Website.

B. Tracking and reporting of Class Members who request exclusion shall be compiled by the Class Action Settlement Administrator and communicated to Class Counsel who will report to the Court.

C. Any notice required to comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

## VIII. PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

**A.    Objections:** Only Settlement Class Members may object to the Settlement. To object, a Settlement Class Member must provide the following information in writing: (i) full name, current address, and current telephone number; (ii) documentation or attestation sufficient to establish membership in the Class; (iii) a statement of all grounds for the objection accompanied by any legal support for the objection; and (iv) copies of any other documents upon which the objection is based.

1.    All objections must be filed on or before the Objection/Exclusion Deadline with the Clerk of Court, Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served at that same time upon both of the following:

| <u>Co-Lead Class Counsel:</u> | <u>Settling Defendants' Counsel:</u> |
|---|---|
| Adam Moskowitz, Esq. | Geoffrey W. Castello, Esq. |
| The Moskowitz Law Firm, PLLC | Kelley Drye & Warren LLP |
| 2 Alhambra Plaza | One Jefferson Road |
| Suite 601 | 2nd Floor |
| Coral Gables, FL 33134 | Parsippany, New Jersey 07054 |

2.    Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

3.    Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Awards, Additional Plaintiff Awards, and reimbursement of reasonable litigation costs and expenses. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon Class Counsel and the Settling Defendants' Counsel (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

4.    The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

5.    The date of the postmark on the mailing envelope or a legal proof of service accompanied by a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has

been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

6.   <u>Response to Objections</u>: Class Counsel shall, at least seven (7)  days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

**B.   Exclusions**

1.   <u>Procedure for Requesting Exclusion</u>: Settlement Class Members who wish to opt out of the Settlement (for purposes of damages claims only) must submit a written statement within the Objection/Exclusion Deadline. The Class Notice shall provide mandatory language for the request for exclusion. Requests to opt-out that do not include all required information and/or that are not submitted on a timely basis, will be deemed null, void, and ineffective. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a Settlement Class Member's opt-out/exclusion request has been timely submitted. In the event that the postmark is illegible, the opt-out/exclusion request shall be deemed untimely unless it is received by counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline. Any Settlement Class Member who properly opts out of the Settlement Class using this procedure will not be entitled to any portion of the refunds, will not be bound by the settlement (for purposes of damages claims only), and will not have any right to object, appeal or comment thereon. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline shall be bound by all terms of the Settlement and any final judgment entered in this litigation if the Settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the Settlement.

2.   <u>No Solicitation of Settlement Objections or Exclusions</u>: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the Settlement or request exclusion from participating as a Settlement Class Member, or encourage any Settlement Class Member to appeal from the final judgment.

**IX. RELEASE OF UNKNOWN CLAIMS**

Plaintiffs and Additional Plaintiffs expressly understand and acknowledge, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by

14

him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable--notwithstanding that the Parties have chosen Florida law to govern this Agreement--Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Settlement Class Members.

## X. DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

The Parties shall promptly submit this Agreement to the Court in support of a Joint Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement, the Parties shall apply to the Court for the entry of a Preliminary Approval order substantially in the following form:

A.      Scheduling a Final Approval Hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the members of the class;

B.      Approving as to form and content the Internet Notice and Class Notice;

C.      Directing implementation of the Internet Notice, and the method of class notice;

D.      Preliminarily approving the Settlement;

E.      Preliminarily and conditionally certifying the Settlement Class for Settlement purposes;

F.      Staying all proceedings in the Action and the Prevagen Actions, and enjoining the prosecution of any other individual or class claims.

G.      Providing that, in the event the proposed Settlement set forth in this Agreement is not approved by the Court or is terminated by one or more Party pursuant to Section IV.B.7 of this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the nationwide Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action, the Prevagen Actions, or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to the respective positions as of the date of this Agreement. In the event the Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this entire Agreement shall become null and void, unless the parties hereto agree in writing to proceed with this Agreement as modified.

## XI. COURT APPROVAL

Co-Lead Class Counsel will submit a proposed final order and judgment at the Final Approval Hearing, which shall include:

*CASE NO.: 19-22864-Civ-COOKE/GOODMAN*
*Settlement Agreement and Release*

A.      Approval of the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

B.      Approval of Co-Lead Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative and Additional Plaintiffs awards; and

C.      A request for entry by the Court of a final judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels in regard to those matters released as set forth in Section VI above.

## XII. PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XIII. MUTUAL FULL COOPERATION

A.      The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of the Settling Defendants and their counsel, shall take all necessary steps to secure the Court's final approval of this Agreement.

B.      The Settling Defendants agree that they will not attempt to discourage Settlement Class Members from filing claims.

## XIV. NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of any of the Settling Defendants or as an admission that class treatment in the Action and the Prevagen Actions is proper for any purpose other than Settlement. The Settling Defendants deny all liability for claims asserted in the Action and the Prevagen Actions and deny that class treatment for the Action and the Prevagen Actions is proper for any purpose other than this Settlement. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a Settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding. This Agreement or the existence of this Settlement shall not be used or cited in any proceeding other than (i) an action or proceeding to approve or enforce this Agreement, or (ii) in a subsequent proceeding potentially barred by the Release specified herein.

16

## XV. NOTICES

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| For The Class | For the Settling Defendants |
|---|---|
| Adam Moskowitz, Esq.<br>The Moskowitz Law Firm, PLLC<br>2 Alhambra Plaza<br>Suite 601<br>Coral Gables, FL 33134 | Geoffrey W. Castello, Esq.<br>Kelley Drye & Warren LLP<br>One Jefferson Road<br>2nd Floor<br>Parsippany, New Jersey 07054 |

## XVI. CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arm's-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Agreement.

## XVII. MATERIAL TERMS; CAPTIONS

Each term of this Agreement is a material term of the Agreement, not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder. Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XVIII. INTEGRATION CLAUSE

This Agreement contains the entire agreement between the Parties relating to the settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XIX. NO COLLATERAL ATTACK

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Class after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims made before the Final Approval Hearing that a Settlement Class Member's settlement amount was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the

calculation of the individual settlement amount or failed to submit a timely dispute letter for any reason.

## XX. AMENDMENTS

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

## XXI. ASSIGNMENTS

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

## XXII. GOVERNING LAW

This Agreement shall be governed by, and the rights of the Parties determined in accordance with, the laws of the State of Florida, irrespective of the State of Florida's choice of law principles.

## XXIII. BINDING ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXIV. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Class appears to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXV. COUNTERPARTS

This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Class.

*CASE NO.: 19-22864-Civ-COOKE/GOODMAN*
*Settlement Agreement and Release*

## XXVI. NON-DISPARAGEMENT

Plaintiffs, Additional Plaintiffs, and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of the Discharged Parties. The Settling Defendants and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Co-Lead Class Counsel, Plaintiffs' Counsel, the Class Representatives, and Additional Plaintiffs regarding this matter or any of the Prevagen Actions.

## EXECUTED AND AGREED

BY: _____
Adam Moskowitz, Esq.
Class Counsel

BY: _____
John Scarola, Esq.
Class Counsel

BY: _____
Elaine Ryan, Esq.
Plaintiffs' Counsel

BY: _____
Kevin Roddy, Esq.
Plaintiffs' Counsel

BY: _____
Scott Kamber, Esq.
Plaintiffs' Counsel

BY: _____
Don Foty, Esq.
Plaintiffs' Counsel

BY: _____
Geoffrey W. Castello, Esq.
Counsel for Settling Defendants

19

## XXVI. NON-DISPARAGEMENT

Plaintiffs, Additional Plaintiffs, and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of the Discharged Parties. The Settling Defendants and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Co-Lead Class Counsel, Plaintiffs' Counsel, the Class Representatives, and Additional Plaintiffs regarding this matter or any of the Prevagen Actions.

## EXECUTED AND AGREED

BY: _____
Adam Moskowitz, Esq.
Class Counsel

BY: _____
John Scarola, Esq.
Class Counsel

BY: _____
Elaine Ryan, Esq.
Plaintiffs' Counsel

BY: _____
Kevin Roddy, Esq.
Plaintiffs' Counsel

BY: _____
Scott Kamber, Esq.
Plaintiffs' Counsel

BY: _____
Don Foty, Esq.
Plaintiffs' Counsel

BY: _____
Geoffrey W. Castello, Esq.
Counsel for Settling Defendants

CASE NO.: 19-22864-Civ-COOKE/GOODMAN
*Settlement Agreement and Release*

## XXVI. NON-DISPARAGEMENT

Plaintiffs, Additional Plaintiffs, and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of the Discharged Parties. The Settling Defendants and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Co-Lead Class Counsel, Plaintiffs' Counsel, the Class Representatives, and Additional Plaintiffs regarding this matter or any of the Prevagen Actions.

## EXECUTED AND AGREED

BY: _____
Adam Moskowitz, Esq.
Class Counsel

BY: _____
John Scarola, Esq.
Class Counsel

BY: _____
Elaine Ryan, Esq.
Plaintiffs' Counsel

BY: _____
Kevin Roddy, Esq.
Plaintiffs' Counsel

BY: _____
Scott Kamber, Esq.
Plaintiffs' Counsel

BY: _____
Don Foty, Esq.
Plaintiffs' Counsel

BY: _____
Geoffrey W. Castello, Esq.
Counsel for Settling Defendants

19

CASE NO.: 19-22864-Civ-COOKE/GOODMAN
*Settlement Agreement and Release*

## XXVI. NON-DISPARAGEMENT

Plaintiffs, Additional Plaintiffs, and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of the Discharged Parties. The Settling Defendants and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Co-Lead Class Counsel, Plaintiffs' Counsel, the Class Representatives, and Additional Plaintiffs regarding this matter or any of the Prevagen Actions.

## EXECUTED AND AGREED

BY:  _____
Adam Moskowitz, Esq.
Class Counsel

BY:  _____
John Scarola, Esq.
Class Counsel

BY:  _____
Elaine Ryan, Esq.
Plaintiffs' Counsel

BY:  _____
Kevin Roddy, Esq.
Plaintiffs' Counsel

BY:  _____
Scott Kamber, Esq.
Plaintiffs' Counsel

BY:  _____
Don Foty, Esq.
Plaintiffs' Counsel

BY:  _____
Geoffrey W. Castello, Esq.
Counsel for Settling Defendants

19

*CASE NO.: 19-22864-Civ-COOKE/GOODMAN*
*Settlement Agreement and Release*

## XXVI. NON-DISPARAGEMENT

Plaintiffs, Additional Plaintiffs, and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of the Discharged Parties. The Settling Defendants and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Co-Lead Class Counsel, Plaintiffs' Counsel, the Class Representatives, and Additional Plaintiffs regarding this matter or any of the Prevagen Actions.

## EXECUTED AND AGREED

BY: _____
        Adam Moskowitz, Esq.
        Class Counsel

BY: _____
        John Scarola, Esq.
        Class Counsel

BY: _____
        Elaine Ryan, Esq.
        Plaintiffs' Counsel

BY: _____
        Kevin Roddy, Esq.
        Plaintiffs' Counsel

BY: _____
        Scott Kamber, Esq.
        Plaintiffs' Counsel

BY: _____
        Don Foty, Esq.
        Plaintiffs' Counsel

BY: _____
        Geoffrey W. Castello, Esq.
        Counsel for Settling Defendants

19

*CASE NO.: 19-22864-Civ-COOKE/GOODMAN*
*Settlement Agreement and Release*

## XXVI. NON-DISPARAGEMENT

Plaintiffs, Additional Plaintiffs, and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of the Discharged Parties. The Settling Defendants and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Co-Lead Class Counsel, Plaintiffs' Counsel, the Class Representatives, and Additional Plaintiffs regarding this matter or any of the Prevagen Actions.

## EXECUTED AND AGREED

BY: _____
Adam Moskowitz, Esq.
Class Counsel

BY: _____
John Scarola, Esq.
Class Counsel

BY: _____
Elaine Ryan, Esq.
Plaintiffs' Counsel

BY: _____
Kevin Roddy, Esq.
Plaintiffs' Counsel

BY: _____
Scott Kamber, Esq.
Plaintiffs' Counsel

BY: _____
Don Foty, Esq.
Plaintiffs' Counsel

BY: _____
Geoffrey W. Castello, Esq.
Counsel for Settling Defendants

19

*CASE NO.: 19-22864-Civ-COOKE/GOODMAN*
*Settlement Agreement and Release*

## XXVI. NON-DISPARAGEMENT

Plaintiffs, Additional Plaintiffs, and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of the Discharged Parties. The Settling Defendants and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Co-Lead Class Counsel, Plaintiffs' Counsel, the Class Representatives, and Additional Plaintiffs regarding this matter or any of the Prevagen Actions.

## EXECUTED AND AGREED

BY: _____
Adam Moskowitz, Esq.
Class Counsel


BY: _____
John Scarola, Esq.
Class Counsel


BY: _____
Elaine Ryan, Esq.
Plaintiffs' Counsel


BY: _____
Kevin Roddy, Esq.
Plaintiffs' Counsel


BY: _____
Scott Kamber, Esq.
Plaintiffs' Counsel


BY: _____
Don Foty, Esq.
Plaintiffs' Counsel


BY: _____
Geoffrey W. Castello, Esq.
Counsel for Settling Defendants

19

# EXHIBIT A

## CLAIM FORM AND INSTRUCTIONS

<div style="border:1px solid #000; background-color:#7cb342; padding:10px; text-align:center;">

**The Claims Administrator must receive this Claim Form in an envelope post-marked no later than _____, 20___ in order for it to be considered.**

</div>

*Collins, et al. v. Quincy Bioscience LLC,*
**No. 19-22864-Civ-COOKE/GOODMAN**
**(Pending in the United States District Court for the Southern District of Florida)**

**Please read all of the following instructions carefully before filling out your Claim Form.**

1.  You have three options to make a claim:

    a.  You may print out, complete, and mail your claim form and proof of purchase, if any, to the Claims Administrator at *Collins v. Quincy Bioscience* Administrator, P.O. Box _____, _____ _____-_____.

    b.  You may print out, complete, and upload this form to the settlement website at _____. When using this option you may upload proof of purchase to the extent you have such proof.

    c.  You may use an online claim form by going to www._____.com. When using this option you may upload proof of purchase to the extent you have such proof.

2.  Complete Part A ("Claimant Information") by filling in the requested information. Only one Claim Form per household will be honored.

3.  Complete Part B by providing the number of purchases of each kind of Prevagen you purchased between January 1, 2007 and [Date of Preliminary Approval]. For example, if you purchased one bottle of **Prevagen® Regular Strength 30 Count** during the class period, you would fill in the number "1" on the line that corresponds with **Prevagen® Regular Strength 30 Count**. You must then check a box to indicate if you have proof of purchase or not. Each qualifying purchase will receive a payment of 30% of the MSRP price (as defined in the Settlement Agreement), subject to the following limit: (1) Those with proof of purchase deemed valid by the Claims Administrator and the parties **must submit it with the claim form** and may obtain reimbursement up to $70.00 per Class Member; and (2) Those with no proof of purchase may obtain reimbursement up to $12.00 per Class Member.

4.  Proof of purchase means acceptable documentation that provides valid proof of your purchase of Prevagen**®** Products. Such valid proof of purchase documentation will consist of receipts, copies of receipts, loyalty card records (such as print out from a loyalty program), direct

purchase records,  or other legitimate, documentary proof showing payment to an authorized retailer or Quincy for Prevagen**®** Products that was not used as proof for any other claim.

5.      Sign the CLAIM FORM.  For those filing online, there will be an e-signature requirement.

6.      Once your Claim Form is received, the Claims Administrator will review the Claim Form for compliance.  Keep a copy of your completed Claim Form for your records.  If your claim is rejected for any reason, the Claims Administrator will notify you by U.S. Mail or e-mail of the rejection and the reasons for such rejection.

| PART A – CLAIMANT INFORMATION |
|---|

_____

Claim ID

_____

Claimant Name

_____          _____

Street Address                                              Daytime Phone Number

_____          _____

City, State, Zip Code                                    E-Mail Address

| PART B – LIMITED REIMBURSEMENT FOR QUALIFYING HOUSEHOLDS |
|---|

You may make a claim for the following Prevagen**®** Products:

1.  Prevagen**®** Regular Strength 30 Count
2.  Prevagen**®** Regular Strength Chewables
3.  Prevagen**®** Regular Strength 60 Count
4.  Prevagen**®** Extra Strength 30 Count
5.  Prevagen**®** Extra Strength Chewables
6.  Prevagen**®** Extra Strength 60 Count
7.  Prevagen**®** Professional Strength.

**PLEASE FILL OUT THIS CHART STATING YOUR PURCHASES**

| Type of Purchase | Number of Each Type of Product Purchased | Approximate Date of Purchase | Location (Name of Store and City or Website) of Product Purchased |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Prevagen® Regular Strength 30 Count | | | |
| Prevagen® Regular Strength Chewables | | | |
| Prevagen® Regular Strength 60 Count | | | |
| Prevagen® Extra Strength 30 Count | | | |
| Prevagen® Extra Strength Chewables | | | |
| Prevagen® Extra Strength 60 Count | | | |
| Prevagen® Professional Strength | | | |

## CHECK AND COMPLETE ONLY ONE OF THE FOLLOWING:

❑ **I HAVE PROOF OF PURCHASE (i.e., sales receipt(s) or invoice(s))** showing that I purchased Prevagen between January 1, 2007 and [Date of Preliminary Approval].  I understand that a qualifying Class Member who submits a valid claim form and valid proof of purchase for all qualifying purchases is entitled to receive payment in the amounts above for each purchase **up to $70.00 per Class Member**.  **YOU MUST ATTACH THE PROOF OF PURCHASE WITH YOUR CLAIM FORM.**

**OR**

❑ **I DO NOT HAVE ANY PROOF OF PURCHASE (i.e., a sales receipt or invoice)** showing that I purchased Prevagen between January 1, 2007 and [Date of Preliminary Approval]. I understand that a qualifying Class Member who submits a valid claim form without proof of purchase is entitled to receive payment in the amounts above for each purchase **up to $12.00 per Class Member**.

*I swear and affirm under the penalty of perjury that the above is true to the best of my knowledge.*

_____     _____     _____
Signature of Claimant       Print Name                  Date

# EXHIBIT B

<u>**Notice of Pendency and Proposed Settlement of Class Action**</u>

## To: All individuals who purchased Prevagen® Products from January 1, 2007 to the [<mark>Date of Preliminary Approval</mark>].

*Products Include: Prevagen® Regular Strength 30 Count, 60 Count, and Chewables; Prevagen® Extra Strength 30 Count, 60 Count, and Chewables; and Prevagen® Professional Strength.*

Your rights may be affected by this class action lawsuit and the proposed settlement of the lawsuit discussed in this court-authorized notice ("Proposed Settlement"). This Notice is to inform you of the conditional certification of a settlement class, the nature of the claims at issue, your right to participate in, or exclude yourself from, the class, and the effect of exercising your various options.

### <u>You are not being sued</u>.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| DO NOTHING | If you do nothing, you will be bound by the settlement and its benefits, if it is approved. |
| EXCLUDE YOURSELF | Write to the Claims Administrator if you do not want to benefit from, or be bound by, this settlement. |
| OBJECT | File an objection with the Court if you are not satisfied with the settlement. |
| GO TO A HEARING | If you file an objection, you may ask for permission to speak in Court about the fairness of the settlement. |
| MAKE A CLAIM | Make a claim for benefits under the settlement. |

Your legal rights and options--**and the deadlines to exercise them**--are explained in this Notice. Your legal rights may be affected whether you act or do not act. Please read this Notice carefully. Capitalized terms in this Notice have the same meaning as provided in the Settlement Agreement on file with the Court.

### 1. Why did the Court issue this notice?

This Notice is given to inform you that (1) a class action lawsuit is pending in the United States District Court for the Southern District of Florida entitled *Collins, et al. v. Quincy Bioscience LLC*, No. 19-22864-Civ-COOKE/GOODMAN (S.D. Fla.) (the "Action"); (2) you may be a Settlement Class Member; (3) the parties have proposed to settle the Action; (4) the Proposed Settlement may affect your legal rights; and (5) you have a number of options.

### 2. What is this Action about?

Plaintiffs have brought this action against Defendants, on behalf of themselves and all other persons who, from January 1, 2007 up to and including   <mark>[Date of Preliminary Approval]</mark>   (the "Class Period"), purchased in the United States for consumption and not resale bottles of

Page **1** of 9

Prevagen®. Prevagen® Products include Prevagen Regular Strength 30 Count, Prevagen® Regular Strength Chewables, Prevagen® Regular Strength 60 Count, Prevagen® Extra Strength 30 Count, Prevagen® Extra Strength Chewables, Prevagen® Extra Strength 60 Count and Prevagen® Professional Strength.

Plaintiffs alleged that Quincy Bioscience, LLC's ("Quincy") advertised benefits of Prevagen® relating to memory improvement were false and misleading. Plaintiffs maintain that Defendant's actions constitute violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101, as well as other laws.

Quincy denies Plaintiffs' claims and charges, denies that it has violated any laws, and maintains that the labeling, packaging, and marketing of Prevagen® have always been truthful and not deceptive.

In addition to this Action, this settlement also resolves all Prevagen Actions (as defined in the settlement agreement), including *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG (N.D. Cal.) ("*Racies*"); *Vanderwerff v. Quincy Bioscience Holding Co., Inc., et al.*, Case No. 1:19-cv-07582-RA (S.D.N.Y.); *Karathanos v. Quincy Bioscience Holding Co., Inc., et al.*, Case No. 1:19-cv-08023-RA (S.D.N.Y.); *Spath v. Quincy Bioscience Holding Co., Inc., et al.*, Case No. 1:19-cv-03521-RA (S.D.N.Y.); *Engert, et al. v. Quincy Bioscience, LLC*, No. 1 :19-cv-183-LY (W.D. Tex.); and *Miloro v. Quincy Bioscience, LLC,* No. 16PH-cv01341 (Mo. Cir. Ct. filed Sept. 12, 2016).

### 3. How do I know if I am part of the Settlement Class?

The Court has conditionally certified a Settlement Class defined as the following:

> All individuals who purchased one or more Prevagen Products from a Settling Defendant or from a reseller authorized by the Settling Defendants to Sell Prevagen Products, for personal consumption and not resale, within the United States from January 1, 2007 through the date of Preliminary Approval.

Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of a Settling Defendant or any of its respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons.

### 4. What are the reasons for the Settlement?

The Court did not decide in favor of the Plaintiffs or Defendants. Instead, both sides agreed to a settlement that they believe is a fair, reasonable, and adequate compromise of their respective positions. The parties reached this agreement only after extensive negotiations, an exchange of information, and consideration of the risks and benefits of settlement.

Counsel for Plaintiffs and the Settlement Class Members have considered the substantial benefits from the Proposed Settlement that will be given to the Settlement Class Members and balanced

these benefits with the risk that a trial could end in a verdict for Defendants. They also considered the value of the immediate benefit to Settlement Class Members versus the costs and delay of litigation through trial and appeals and the risk that a class would not be certified. Even if Plaintiffs were successful in these efforts, Settlement Class Members may not receive any benefits for years.

## 5. What does the Settlement provide?

**Benefits.** If the Proposed Settlement is ultimately approved by the Court, it will provide cash payments and other relief to the Settlement Class. In return for the relief described below, the Settlement Class Members release their rights to pursue any claims against Defendants and related entities concerning or relating to the allegations raised in this Action. The central provisions of the Settlement are as follows:

In consideration of the mutual covenants and promises set forth herein, and subject to Court approval, the Parties, including Additional Plaintiffs and Plaintiffs' Counsel, agree as follows:

A.    **Injunctive Relief**: The Parties have agreed to the following Injunctive Relief. For the purpose of this Agreement, the following definitions apply:

1.    **"Covered Product"** means all Prevagen Products as defined in the Settlement Agreement.

2.    "**Defendants**" or "**Settling Defendants**" means Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., d/b/a Sugar River Supplements, Quincy Bioscience Manufacturing, LLC, Mark Underwood and Michael Beaman.

3.    "**Competent and reliable scientific evidence**" are "tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results."

4.    **Prohibited Representations: Improving Memory**

The Settling Defendants agree that they will not make, or assist others in making, expressly or by implication, including through the use of a product name, endorsement, testimonial, depiction, or illustration, any representation that such Covered Product with respect to humans:

A. improves memory;
B. improves memory within 90 days or any other period of time; or
C. reduces memory problems associated with aging;

Page **3** of **9**

unless the representation is non-misleading. A representation is non-misleading if, at the time of making such representation, the Settling Defendants possess and rely upon competent and reliable scientific evidence substantiating that the representation is true, or if the representation is clearly and conspicuously qualified by either:

   a.   A disclaimer substantially similar to the following: "Based on a clinical study of subgroups of individuals who were cognitively normal or mildly impaired. This product is not intended to diagnose, treat, cure, or prevent any disease."; or

   b.   A disclaimer substantially similar to the following: "Based on results from two subgroups of individuals who participated in a randomized double blind placebo controlled clinical study. Participants in the two subgroups were cognitively normal or mildly impaired. This product is not intended to diagnose, treat, cure, or prevent any disease."

   B.   <u>Monetary Relief</u>: the Settling Defendants shall offer partial refunds to Settlement Class Members for purchases of Prevagen Products based upon a two-tier monetary relief structure to be distributed through an uncapped claims-made settlement, where, subject to the following provisions of the Claims Process:

   1.   The Settling Defendants agree to pay to all Settlement Class Members with Proof of Purchase who submit a valid "Claim Form," a cash refund of 30% of the Quincy MSRP for the Prevagen Products those claimants purchased within the Class Period, **up to $70 per individual claimant.**

   2.   The Settling Defendants agree to pay all Settlement Class Members without Proof of Purchase who submit a valid "Claim Form" a cash refund of 30% of the Quincy MSRP for the Prevagen Products those claimants purchased within the Class Period, **up to $12 per claimant.**

   3.   The Quincy MSRP shall be defined as:

   •   $39.95 for Prevagen Regular Strength 30 Count or Prevagen Regular Strength Chewables;

   •   $74.95 for Prevagen Regular Strength 60 Count;

   •   $59.95 for Prevagen Extra Strength 30 Count or Prevagen Extra Strength Chewables;

- $109.95 for Prevagen Extra Strength 60 Count;  and

- $89.95 for Prevagen Professional Strength;

### 2. Notice to the Class and Administration.

In addition to the above relief, Defendants will also pay for the costs of Notice and to administer the settlement.

### 3. Claim Form (May be Filed Online or By Mail):

To receive a cash payment, Settlement Class Members must complete, sign, and submit a Claim Form **ON OR BEFORE _____, 20__.** For some claims, proof of purchase is required. Please review the claim form for more information.

**You may visit** www._____.com **to file your claim online or obtain a claim form by calling 1-(888) XXX-XXXX.**

You can also obtain a Claim Form by letter request, enclosing a self-addressed, stamped envelope to *Collins v. Quincy* Administrator, P.O. Box _____.

### 4. RELEASE.

Unless you exclude yourself from the Settlement Class, approval of this Proposed Settlement will result in a release by you of all claims against Defendants and other related entities and individuals concerning or relating to the allegations raised in this Action.

### 5. MORE INFORMATION

The complete terms of the settlement are in the Settlement Agreement, which is available online at www._____.com or by calling 1-(888) XXX-XXXX.

### 6. Do I have a lawyer in the case?

The Court has appointed the following counsel as Class Counsel: Adam Moskowitz of The Moskowitz Law Firm, PLLC and Jack Scarola of Searcy Denney Scarola Barnhart & Shipley PA. as Class Counsel or Co-Lead Counsel. You also have a right to obtain your own attorney. But, if you hire your own attorney, you will have to pay that attorney. You can ask your attorney to appear at the Fairness hearing for you if you want someone other than Class Counsel to represent you.

### 7. How will the lawyers for the Settlement Class be paid?

The Parties negotiated the payment of attorneys' fees and costs, over and above the class relief, only after reaching agreement upon all other terms of this Settlement Agreement. Moreover, the Settlement Agreement is not contingent upon the award of any particular amount of attorneys' fees and costs. Like all class action settlements, the amount of attorneys' fees and costs awarded to class counsel is left to the discretion of this Court. The Parties have agreed, however, that separate and apart from the monetary relief Defendants will provide to the Settlement Class, and subject to Court approval, Defendants will not object to a collective award of attorneys' fees and costs up to $4,214,000 for Class Counsel, and other Plaintiffs' Counsel as defined in the Settlement Agreement. Further, Defendants have agreed to not oppose a request for Class Representative awards in the amount of $10,000.00 each to Juan Collins and John Fowler, and $2,000 each to Additional Plaintiffs (who brought their own actions) Philip Racies, Elaine Spath, John Karathanos, James Vanderwerff, Max Engert, Jack Purchase, Ronald Atkinson, and Diana Miloro.

Class Counsel will file any motion for an award of Class Counsel's Fees on or before _____ .

### 8. What happens if I do nothing after receiving this notice?

If you do nothing, and the Court approves the settlement, you will be bound by the terms of the Settlement and will be unable to pursue claims against Defendants and other related entities concerning or relating to the allegations raised in this Action.

As long as you do not request exclusion from the Settlement Class, you may be entitled to the refunds described in Section 5 if you properly submit a claim form.

**You must complete and submit a Claim Form online or postmarked no later than _____, or your claim will not be considered and will be rejected.**

### 9. What does it mean to request exclusion from the Settlement Class?

If you come within the Settlement Class definition, you will be a Settlement Class Member and will be bound by the settlement if the Court approves it unless you exclude yourself from the Settlement Class (also known as "opting out"). Being "bound by the settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Settlement Class will not be bound by the terms of the Proposed Settlement for purposes of damages claims and will not be eligible to receive any money from the Proposed Settlement, but they will retain the right to sue Defendants for damages, at their own cost.

You cannot exclude yourself from the Settlement Class and the Proposed Settlement if you wish to object to the settlement and/or appear before the Court during the Fairness Hearing (see Sections 11 and 12), as you need to be a Settlement Class Member affected by the settlement to object or appear.

## 10. How do I request exclusion?

You may exclude yourself from the Settlement Class (for purposes of damages claims only) provided that your request is made in writing and postmarked before _____, 20__. To exclude yourself, send a letter that includes (a) the name of the case, (b) your name, current address, telephone number, and signature, and (c) a clear statement communicating that you elect to be excluded from the settlement. Your written request to exclude yourself from the settlement must be sent to the "Collins v. Quincy Bioscience Administrator" at _____.

You will be excluded from the settlement only if your request is ***postmarked*** on or before _____, 20__, and includes the required information. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified, shall be bound by all terms of the Proposed Settlement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Proposed Settlement.

In determining whether you want to exclude yourself from the settlement, you are advised to consult your own personal attorney, as there may be issues particular to your circumstances that require consideration.

## 11. What if I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Proposed Settlement. To object, you must provide the following information in writing: (i) your full name, current address, and current telephone number; (ii) documentation or attestation sufficient to establish membership in the Class; (iii) a statement of the position(s) you wish to assert, including the factual and legal grounds for the position(s); (iv) provide copies of any other documents that you wish to submit in support of your position; and (v) your objection must be signed by you.

You must file your objection before _____, 20__ with the Clerk of Court, Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served at that same time upon both of the following:

　　　　(1) Co-Lead Class Counsel

　　　　　　　　Adam Moskowitz, Esq.
　　　　　　　　The Moskowitz Law Firm, PLLC
　　　　　　　　2 Alhambra Plaza
　　　　　　　　Suite 601
　　　　　　　　Coral Gables, FL 33134

　　　　　　　　and

　　　　(2) Defendants' Counsel

Geoffrey W. Castello, Esq.
Kelley Drye & Warren LLP
One Jefferson Road
2nd Floor
Parsippany, NJ 07054

If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid and will be overruled.

Finally, subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Awards, Additional Plaintiff Awards, and reimbursement of reasonable litigation costs and expenses. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendants' Counsel (at the addresses listed above in Section 11), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before _____, 20__.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

## 12. When and where will the Court determine whether to approve the settlement?

The Court has scheduled a Final Approval Hearing for _____, 20__ at _____ at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Room 1168, Miami, Florida 33132. This hearing may be continued or rescheduled by the Court without further notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for attorneys' fees and expenses. The Court also will consider objections. The Court may decide these issues at the Final Approval Hearing or take them under consideration. We do not know how long these decisions will take.

## 13. Do I have to come to the hearing?

No. You are not required to come to the hearing but you are welcome to come at your own expense.

Settlement Class Members who object to the Proposed Settlement do not need to attend the Final Approval Hearing for their objections to be considered. If you wish to appear either personally or through your own personal attorney at the Final Approval Hearing, you must send both a timely objection and a Notice of Intention to Appear to the Clerk of the Court at the address set forth in

Section 11 above, and serve copies on Class Counsel and counsel for Defendants at the addresses set forth in Section 11 above no later than _____, 20__.

Your Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that you or your counsel will present to the Court at the hearing or for any purpose relating to the Settlement. Any Settlement Class Member who does not file and serve a Notice of Intention to Appear in accordance with these instructions will be barred from speaking at any hearing concerning this Proposed Settlement or otherwise objecting to the Proposed Settlement.

## 14. What if the proposed settlement is not approved?

If the Proposed Settlement is not granted final approval, the putative Settlement Class which has been preliminarily approved will be decertified, this action will proceed without further notice, and none of the agreements set forth in this notice will be valid or enforceable.

## 15. How do I get more information about the settlement?

This Notice only summarizes the Proposed Settlement. The official terms of the Proposed Settlement are available by visiting the Settlement Website at www._____.com, reviewing the public files at the Clerk of Court, Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128 or by calling 1-(888) _____ and requesting a copy of the Settlement Agreement. In the event of a conflict between the terms of this Notice and the Proposed Settlement, the terms of the Proposed Settlement will govern.

All questions you may have concerning the Settlement Agreement or this Notice should be directed to _____.

**<u>Please DO NOT Contact the Court.</u>**

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 19-22864-Civ-COOKE/GOODMAN**

JUAN COLLINS and JOHN FOWLER,
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.

QUINCY BIOSCIENCE, LLC,
a Wisconsin limited liability company,

      Defendant.

_____/

**<u>FINAL ORDER AND JUDGMENT</u>**

On _____, this Court granted preliminary approval of the proposed

class action settlement set forth in the Settlement Agreement and Release ("Settlement

Agreement") between Plaintiffs Juan Collins and John Fowler, individually and on

behalf of the Settlement Class (hereinafter "Plaintiffs" or "Class Representatives"), and

Defendants  Quincy Bioscience, LLC, Quincy Bioscience Holding Company, Inc.,

1

Prevagen, Inc., Quincy Bioscience Manufacturing, LLC, Mark Underwood, and Michael Beaman and the Quincy (collectively, "Defendants"). [1]

On _____, the Court held a duly noticed final approval hearing to consider (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels in regard to those matters released as set forth in Section VI of the Settlement Agreement; and (3) whether and in what amount to approve Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative award applications.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.      The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order

---

[1] Unless otherwise defined, capitalized terms in this Final Order and Judgment have the definitions found in the Settlement Agreement.

and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2.     The Court finds that Class Notice was given in the manner ordered by the Court; constituted the best practicable notice to apprise Settlement Class Members of the pendency of the Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; was fair, reasonable, and adequate and constituted sufficient notice to all persons entitled to receive notice, including all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23.

3.     The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) Class Representatives have and will

3

continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) Defendants have acted on grounds generally applicable to all Class Members, thereby making final injunctive relief concerning the class as a whole appropriate; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of All individuals who purchased one or more Prevagen Products, as defined below, from a Settling Defendant or from a reseller authorized by the Settling Defendants to sell Prevagen Products, for personal consumption and not resale, within the United States from January 1, 2007 through the date of Preliminary Approval. Prevagen Products are defined as Prevagen® Regular Strength 30 Count, Prevagen® Regular Strength Chewables, Prevagen® Regular Strength 60 Count, Prevagen® Extra Strength 30 Count, Prevagen® Extra Strength Chewables, Prevagen® Extra Strength 60 Count, and Prevagen® Professional Strength.. Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of  Settling Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate

judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons.

5.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of $4,214,000.00 payable pursuant to the terms of the Settlement Agreement. The Court also awards case contribution awards in the amount of $10,000.00 each to the Class Representatives Juan Collins and John Fowler, and $2,000 each to Additional Plaintiffs Philip Racies, Elaine Spath, John Karathanos, James Vanderwerff, Max Engert, Jack Purchase, Ronald Atkinson, and Diana Miloro.

6.      The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on the parties, and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

7.      The Releases, which are set forth in Section VI of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Discharged Parties (as that term is defined below in the Settlement Agreement) are

forever released, relinquished, and discharged by the releasing persons from all

released claims:

### VI. RELEASE

Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge the Settling Defendants, and all of their present and former parent companies, subsidiaries, special purpose entities formed for the purpose of administering this Settlement, shareholders, owners, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Co-Lead Class Counsel, Plaintiffs' Counsel, Class Representatives, Additional Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the claims alleged in the Action and the Prevagen Actions.

8.      This Final Order and Judgment and the Settlement Agreement

(including the exhibits thereto) may be filed in any action against or by any released

person to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.      Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

10.     This Action, including all individual claims and class claims presented herein, is hereby **DISMISSED** on the merits and **WITH PREJUDICE** against the Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**DONE AND ORDERED** in Chambers at Miami, Florida this _____ day of _____, 2020.


_____
HONORABLE JONATHAN GOODMAN
United States Magistrate Judge


Copies furnished to all counsel of record

7

# EXHIBIT D

**EXHIBIT D**
**(Internet Notice)**



# EXHIBIT E

**EXHIBIT E**

**PREVAGEN SETTLEMENT: ATTORNEYS' FEES AND COST PAYMENT TERMS**

The Following Schedule shall be in effect for the payment of all Plaintiffs' attorneys' fees and expenses, as well as the Class Representative and Additional Plaintiff service awards.

Lead Counsel will hold all funds in the Moskowitz Law Firm Trust Account until 10 days after entry of the Final Approval ("FA Order").

The Schedule is as follows:

| Total Fees and Rep Awards | $4,250,000 |
|---|---|
| Initial Payment (within 5 days after entry of FA Order) | $500,000 |
| 2nd Payment (30 days after entry of FA Order) | $300,000 |
| 3rd Payment (90 days after entry of FA Order) | $300,000 |
| 4th Payment (120 days after entry of FA Order) | $300,000* |
| 5th Payment (150 days after entry of FA Order) | $300,000* |
| 6th Payment (180 days after entry of FA Order) | $300,000* |
| 7th Payment (210 days after entry of FA Order) | $300,000* |
| 8th Payment (240 days after entry of FA Order) | $300,000* |
| 9th Payment (270 days after entry of FA Order) | $300,000* |
| 10th Payment (300 days after entry of FA Order) | $300,000* |
| 11th Payment (330 days after entry of FA Order) | $300,000* |
| 12th Payment (360 days after entry of FA Order) | $300,000* |
| 13th Payment (390 days after entry of FA Order) | $450,000* |
| Total Payout | $4,250,000 |

* Commencing with the 4th Payment, Quincy will pay three percent interest (3%) per annum on the unpaid amounts for Payments 4 through 12.  Quincy shall have the right to accelerate any of those payments.