UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-22864-CIV-COOKE/GOODMAN

JUAN COLLINS, et al.,

    Plaintiffs,

v.

QUINCY BIOSCIENCE, LLC,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFFS' AMENDED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS**

This cause is before the Court upon Plaintiffs' Amended Unopposed Motion for Preliminary Approval of Class Action Settlement and for Certification of the Settlement Class ("Motion for Preliminary Approval") [ECF No. 147]. In accordance with Rule 23 of the Federal Rules of Civil Procedure, the Court has considered the Settlement Agreement executed on behalf of the Plaintiffs and Defendant. Upon review of the Settlement Agreement and Plaintiffs' Motion for Preliminary Approval, the Motion for Preliminary Approval is hereby **GRANTED.**

    1.    The terms of the settlement are within the range of reasonableness and accordingly are preliminarily approved. In addition, this Court finds that certification

of the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23, and Plaintiffs fairly and adequately represent the interests of the Settlement Class. The Motion for Preliminary Approval of Settlement is therefore **GRANTED**.

2. For the reasons set forth below, subject to final approval, this Court hereby preliminarily certifies the following nationwide Settlement Class:

> All individuals who purchased one or more Prevagen Products, as defined in section I.U. of the Settlement Agreement, from a Settling Defendant or from a reseller authorized by the Settling Defendants to Sell Prevagen Products, for personal consumption and not resale, within the United States, from January 1, 2007 through the date of Preliminary Approval. Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of a Settling Defendant or any of its respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons.

3. The Court hereby appoints Adam Moskowitz of The Moskowitz Law Firm, PLLC and John Scarola of Searcy Denney Scarola Barnhart & Shipley PA. as Settlement Class Counsel or Co-Lead Counsel.

4. The Court finds that, for purposes of this settlement class, the class certification prerequisites set forth in Federal Rule of Civil Procedure 23(b)(3) and 23(b)(2) — numerosity, commonality, typicality, and adequacy of representation — have been met, that common issues predominate over any possible individual issues that could be raised, that Defendant has acted on grounds generally applicable to all Class Members, thereby making final injunctive relief concerning the class as a whole

appropriate, and that the class action is superior to other available methods for the fair and efficient adjudication of this controversy.

5. At the Final Approval Hearing, the Court will consider whether the terms of the Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class, and whether final orders and judgments in accordance with the terms of the Settlement Agreement should be entered. The definitions set forth in the Settlement Agreement are adopted by and used in this Order.

6. The Court preliminarily finds that the Settlement Agreement (1) was reached after arm's-length negotiations before a distinguished mediator, and after substantial factual and legal analyses by the parties; and (2) provides substantial benefits to all class members, especially in light of the risks associated with this litigation.

7. As provided in the Settlement Agreement, partial refunds shall be paid to Settlement Class Members.

8. The Court approves, as to form and content, the Notice submitted by the parties (Exhibits B and D to the Settlement Agreement) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice — (i) internet notice, (ii) establishment of a

settlement website, and (iii) direct mailing (along with a Claim Form) or emailing to currently available addresses that have been provided to Quincy through the Quincy's websites or via email or telephone by potential Prevagen consumers — is reasonably calculated to reach a substantial percentage, if not all, of the Class Members. Defendant shall commence to disseminate the Class Notice within forty-five days of the date this Order is entered.

9. The Claims Administrator shall take all necessary actions to implement the terms of the Settlement Agreement and facilitate the claims process described therein for the benefit of the Settlement Class Members.

10. To the extent it has not already occurred, Defendant shall also cause notice to be served in accordance with the Class Action Fairness Act. *See* 28 USC § 1715(b).

11. Defendant shall bear all costs related to the Notices and internet notice. Prior to the Final Approval Hearing, Defendant shall file proof, by affidavit, of the Notice and internet notice. Defendant shall also bear all costs to comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715. Defendant shall bear all fees and costs of the Claims Administrator.

12. Class Members will have up to October 27, 2020 to opt out of the Settlement for purposes of damages claims only. To opt out, a Class Member must request to do so in writing and mail such request to the Claims Administrator at *Collins*

4

*v. Quincy Bioscience* Administrator, P.O. Box 43192, Providence, RI 02940-3192. Any request to opt out *must* include the following information: (1) the name of the case; (2) the complete legal name of the Class Member who wishes to be excluded; (3) the mailing address of the Class Member; (4) a statement that the Class Member wishes to be excluded from the Settlement; and (5) the Class Member's (or authorized representative's) signature or, if the person (or authorized representative) is unable to sign, his/her/its legal representative or guardian's name and signature.

13.     A Class Member who does not properly and timely exclude himself, herself, or itself from the Settlement Class will be bound by the Settlement Agreement and the Releases, as provided for therein, and by any judgments in this action.

14.     To object to the Settlement, a Class Member must do so in writing no later than October 27, 2020. The objection *must* contain (1) the full name, mailing address, e-mail address, if any, and telephone number of the objecting Class Member; (2) documentation and/or attestation by sworn statement sufficient to establish the objector's membership in the Class; (3) a statement specifying all grounds for the objection, accompanied by any legal support for the objection; (4) copies of any other documents upon which the objection is based; and (5) the signature of the objecting Class Member.

15.     Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court,

to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Award, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Co-Lead Class Counsel and Defendant's Counsel (at the addresses listed below in paragraph 16), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") no later than October 27, 2020.

16.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or their counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Class Notice will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

17.  Any objection must be mailed to Co-Lead Class Counsel Adam Moskowitz, Esq., at The Moskowitz Law Firm, PLLC, 2 Alhambra Plaza, Suite 601, Coral Gables, FL 33134 and Defendant's Counsel Geoffrey W. Castello, Esq. at Kelley Drye & Warren LLP, One Jefferson Road, 2nd Floor, Parsippany, New Jersey 07054.

18.  The objection must be postmarked by no later than October 27, 2020. Settlement Class Counsel shall be obliged to file all responses to objections with the Court on or before November 10, 2020.

19. Subject to the terms for objections set forth above and in the Settlement Agreement and Notice, a Settlement Class Member may appear at the Final Approval Hearing to show cause on the issue of whether any of the terms of the settlement should not be approved as fair, reasonable and adequate, or whether judgment should be entered upon them.

20. Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the settlement.

21. Class Counsel shall file their Motion for Attorneys' Fees and Expenses no later than October 16, 2020.

22. The Final Approval Hearing will be held before this Court on November 17, 2020, at 10:30 am, at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Room 1168, Miami, Florida 33132 to consider the fairness, reasonableness and adequacy of the proposed settlement and to determine whether the settlement should be finally approved. The Final Approval Hearing will either be a traditional, in-Court hearing or a Zoom video hearing, depending on the status of the COVID-19 pandemic. The Court will issue specific instructions approximately three weeks before the final hearing regarding the manner in which the Final Approval

Hearing will be conducted. The Parties are directed to update the Settlement Website with these specific instructions within 48 hours of the Court's issuance of same.

23. To preserve the *status quo* pending the Court's determination of whether to grant final approval of the settlement, it is hereby ordered under 28 U.S.C. § 1651 and Rule 23 of the Federal Rules of Civil Procedure that except as expressly provided in the Settlement Agreement, all Settlement Class Members are temporarily enjoined from commencing, continuing, or taking any action in any judicial proceeding in any state or federal court or any other judicial or arbitral forum against the Settling Defendants with respect to any claims that are subject to the Settlement Agreement, except that any individuals may move this Court at any time for an Order that they have opted out pursuant to the Settlement Agreement so that they can proceed on an individual basis with their own individual litigation. This injunction will terminate at the time the Court determines whether to grant final approval of the Settlement and, prior to that time, any request for relief from this injunction shall be made to this Court. The Court finds that issuance of this temporary injunction is necessary and appropriate in aid of its jurisdiction over the Action.

24. The Court retains jurisdiction of this action for all purposes.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on July 21, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record