# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-22864-Civ-COOKE/GOODMAN

JUAN COLLINS and JOHN FOWLER,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

v.

QUINCY BIOSCIENCE, LLC,
a Wisconsin limited liability company,

    Defendant.

_____/

**FINAL ORDER AND JUDGMENT**

On July 21, 2020, this Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Juan Collins and John Fowler, individually and on behalf of the Settlement Class (hereinafter "Plaintiffs" or "Class Representatives"), and Defendants Quincy Bioscience, LLC, Quincy Bioscience Holding Company, Inc., Prevagen, Inc., Quincy Bioscience Manufacturing, LLC, Mark Underwood, and Michael Beaman and the Quincy (collectively, "Defendants").[1] ECF No. 158.

---

[1] Unless otherwise defined, capitalized terms in this Final Order and Judgment have the definitions found in the Settlement Agreement.

1

*CASE NO.: 19-22864-Civ-COOKE/GOODMAN*
*Final Order and Judgment*

On November 17, 2020, the Court held a duly noticed final approval hearing to consider (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels in regard to those matters released as set forth in Section VI of the Settlement Agreement; and (3) whether and in what amount to approve Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative award applications.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2.      The Court finds that Class Notice was given in the manner ordered by the Court; constituted the best practicable notice to apprise Settlement Class Members of the pendency of the Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; was fair, reasonable, and adequate and constituted sufficient notice to all persons entitled to receive notice, including all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23.

3.      The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) Class Representatives have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) Defendants have acted on grounds generally applicable to all Class Members, thereby making final injunctive relief

concerning the class as a whole appropriate; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of All individuals who purchased one or more Prevagen Products, as defined below, from a Settling Defendant or from a reseller authorized by the Settling Defendants to sell Prevagen Products, for personal consumption and not resale, within the United States from January 1, 2007 through the date of Preliminary Approval. Prevagen Products are defined as Prevagen® Regular Strength 30 Count, Prevagen® Regular Strength Chewables, Prevagen® Regular Strength 60 Count, Prevagen® Extra Strength 30 Count, Prevagen® Extra Strength Chewables, Prevagen® Extra Strength 60 Count, and Prevagen® Professional Strength.. Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of Settling Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons.

5.  Pursuant to Federal Rule of Civil Procedure 23, the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of $4,214,000.00 payable pursuant to the terms of the Settlement Agreement.

*CASE NO.: 19-22864-Civ-COOKE/GOODMAN*
*Final Order and Judgment*

6. In light of the Eleventh Circuit's ruling in *Johnson v. NPAS Solutions, LLC*, No. 18-12344, 2020 WL 5553312 (11th Cir. Sept. 17, 2020), the Court denies without prejudice the request to award case contribution awards in the amount of $10,000.00 each to the Class Representatives Juan Collins and John Fowler, and $2,000 each to Additional Plaintiffs Philip Racies, Elaine Spath, John Karathanos, James Vanderwerff, Max Engert, Jack Purchase, Ronald Atkinson, and Diana Miloro. The Court retain "jurisdiction for the limited purpose of revisiting the denial of service awards if the Eleventh Circuit holds a rehearing *en banc* in *Johnson v. NPAS Sols., LLC* and reverses its decision," or another Eleventh Circuit decision overrules *NPAS*.[2] *See Metzler, et al. v. Medical Management International, Inc., et al.*, Case No 19-02289-VMC-CPT, 2020 WL 5994537 (M.D. Fla. October 9, 2020) (reserving jurisdiction to award service awards if

---

[2] The Court is aware that *NPAS* will not become binding precedent until issuance of the mandate (which has not yet occurred, nor has rehearing *en banc* yet occurred). *See, e.g., Nat. Res. Def. Council, Inc. v. County of Los Angeles*, 725 F.3d 1194, 1203–04 (9th Cir. 2013), *certiorari denied*, 572 U.S. 1100 (2014) (explaining that "[n]o opinion of this circuit becomes final until the mandate issues") (citing *Carver v. Lehman*, 558 F.3d 869, 878 (9th Cir.2009) ("[U]ntil the mandate issues, an opinion is not fixed as settled Ninth Circuit law, and reliance on the opinion is a gamble." (citation omitted)); *see also* Fed R.App. P. 41(c), 1998 Adv. Comm. Note ("A court of appeals' judgment or order is not final until issuance of the mandate[.]")). *See also Key Enters. of Del., Inc. v. Venice Hosp.*, 9 F.3d 893, 898 (11th Cir. 1993) ("[B]ecause the panel's mandate had not issued, the panel's decision was never the 'law of the case.'"); *United States v. Foumai*, 910 F.2d 617, 620 (9th Cir.1990) (explaining a "court of appeals may modify or revoke its judgment at any time prior to issuance of the mandate, sua sponte or by motion of the parties"). Appellees in *NPAS* have indicated their intention to seek rehearing *en banc*.

*CASE NO.: 19-22864-Civ-COOKE/GOODMAN*
*Final Order and Judgment*

*NPAS* is reversed). Class Counsel could then "move for reconsideration upon such a reversal." *Id.*

    7.    The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on the parties, and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

    8.    The Releases, which are set forth in Section VI of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Discharged Parties (as that term is defined below in the Settlement Agreement) are forever released, relinquished, and discharged by the releasing persons from all released claims:

> **VI. RELEASE**
>
> Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge the Settling Defendants, and all of their present and former parent companies, subsidiaries, special purpose entities formed for the purpose of administering this Settlement, shareholders, owners, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution

channels (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Co-Lead Class Counsel, Plaintiffs' Counsel, Class Representatives, Additional Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the claims alleged in the Action and the Prevagen Actions.

9.  This Final Order and Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released person to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

11. This Action, including all individual claims and class claims presented herein, is hereby **DISMISSED** on the merits and **WITH PREJUDICE** against the Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

*CASE NO.: 19-22864-Civ-COOKE/GOODMAN*
*Final Order and Judgment*

**DONE AND ORDERED** in Chambers at Miami, Florida this _____ day of _____, 2020.

_____
HONORABLE JONATHAN GOODMAN
United States Magistrate Judge

Copies furnished to all counsel of record