# Exhibit B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JUAN COLLINS and JOHN FOWLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUINCY BIOSCIENCE, LLC, a Wisconsin limited liability company,<br><br>Defendant. | Case No.  19-22864-Civ-COOKE/GOODMAN<br><br>CLASS ACTION<br><br>**DECLARATION OF ORLANDO CASTILLEJOS RE: NOTICE PROCEDURES** |

1

1

2

3

4
      I, Orlando Castillejos, declare and state as follows:

5
    1.  I am a Senior Project Manager with KCC Class Action Services, LLC ("KCC"), located at

6
462 S 4th Street, Louisville, KY 40202.  Pursuant to the Order Granting Plaintiffs' Amended

7
Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of the

8
Settlement Class (the "Preliminary Approval Order") dated 7/21/2020, the Court appointed KCC

9
as the Claims Administrator in connection with the proposed Settlement of the above-captioned

10
Action.[1]  I have personal knowledge of the matters stated herein and, if called upon, could and

11
would testify thereto.

12
### CAFA NOTIFICATION

13
    2.    In compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section

14
1715, KCC compiled a CD-ROM containing the following documents: Plaintiff's Amended Class

15
Action Complaint, Plaintiff's Second Amended Class Action Complaint and Stipulation to Allow

16
Filing of Second Amended Class Action Complaint, Amended Motion for Preliminary Approval

17
of Class Settlement, Proposed Order Granting Amended Motion for Preliminary Approval, and

18
Class Counsel's Resumes, Claim Form, Long Form Notice, Internet Notice, and Settlement

19
Agreement and a cover letter (collectively, the "CAFA Notice Packet"). A copy of the cover letter

20
is attached hereto as Exhibit A.

21
    3.    On July 1, 2020, KCC caused 60 CAFA Notice Packets to be mailed via

22
CERTIFIED Mail from the U.S. Post Office in Louisville, KY to the parties listed on Exhibit B,

23
i.e., the U.S. Attorney General, the Attorneys General of each of the states in which Settlement

24
Class Members reside and the District of Columbia.

25
    4.    As of the date of this Declaration, KCC has received no response to the CAFA

26
Notice Packet from any of the recipients identified in paragraph 3 above.

27

28

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement And Release, dated 6/24/2020 (the "Stipulation") and/or the Preliminary Approval Order.

2

**CLASS LIST**

5.      On June 29, 2020, KCC received from Defense Counsel a list of 175,053 persons identified as the Class List.  The Class List included names, addresses, and e-mail addresses. KCC formatted the list for mailing and emailing purposes, removed duplicate records, and processed the names and addresses through the National Change of Address Database ("NCOA") to update any addresses on file with the United States Postal Service ("USPS").  A total of 22,833 addresses were found and updated via NCOA.  KCC updated its proprietary database with the Class List.

**MAILING OF THE NOTICE PACKET**

6.      On August 28, 2020, KCC caused the Postcard Notice (collectively, the "Notice Packet") to be printed and mailed to the 140,202 names and mailing addresses in the Class List. A true and correct copy of the Notice Packet is attached hereto as Exhibit C.

7.      Since mailing the Notice Packets to the Class Members, KCC has received 773 Notice Packets returned by the USPS with forwarding addresses.  KCC immediately caused Notice Packets to be re-mailed to the forwarding addresses supplied by the USPS.

8.      Since mailing the Notice Packets to the Class Members, KCC has received 17,058 Notice Packets returned by the USPS with undeliverable addresses.  Through credit bureau and/or other public source databases, KCC performed address searches for these undeliverable Notice Packets and was able to find updated addresses for 4,194 Class Members.  KCC promptly re-mailed Notice Packets to the found new addresses.

9.      On August 28, KCC sent the Email Notice to 33,895 Class Members. A true and correct copy of the Email Notice is attached hereto as Exhibit D**.**

10.     Since sending the Email Notice to the Class Members, KCC has received 3,207 Email Notices returned undeliverable.  KCC immediately caused Notice Packets to be mailed to 3,206 Class Members with mailing addresses.

**PUBLICATION OF THE DIGITAL NOTICE**

11.     KCC purchased 110,400,000 impressions to be distributed via the Google Display

3

Network. The impressions were purchased to appear on both mobile and desktop devices from August 28, 2020 through October 26, 2020. As of October 8, 2020, a total of 78,083,440 impressions have been served.  Confirmations of the digital notices, as they appeared on a variety of websites, are attached hereto as Exhibit E.

## SETTLEMENT WEBSITE

12.     On     August     27,     2020,     KCC     established     a     website www.quincybiosciencesettlement.com dedicated to this matter to provide information to the Class Members and to answer frequently asked questions.  The website URL was set forth in the Email Notice, Postcard Notice, Long Form Notice and Claim Form. Visitors of the website can download copies of the Notice, Claim Form, and other case-related documents.  Visitors can also submit claims online, and, if applicable, upload supporting documentation.

## TELEPHONE HOTLINE

13. KCC established and continues to maintain a toll-free telephone number (866-250-5157) for potential Class Members to call and obtain information about the Settlement and request a Notice Packet.  The telephone hotline became operational on 8/26/2020, and is accessible 24 hours a day, 7 days a week.  As of October 12, 2020, KCC has received a total of 290 calls to the telephone hotline.

## CLAIM FORMS

14.     The postmark deadline for Class Members to file claims in this matter is October 26, 2020.

## REPORT ON EXCLUSION REQUESTS RECEIVED TO DATE

15.     The Notice informs Class Members that requests for exclusion from the Class must be received no later than October 27, 2020.  As of the date of this declaration, KCC has received 7 requests for exclusion. A list of the Class Members requesting to be excluded is

4

attached hereto as Exhibit F.

## OBJECTIONS TO THE SETTLEMENT

16.    The receipt deadline for Class Members to object to the settlement was October 27, 2020.   As of the date of this declaration, KCC has received 0 (zero) objections to the settlement.

## ADMINISTRATION COSTS

17.    As of October 12, 2020 KCC estimates its total cost of administration to be $294,699.  This amount includes costs to date as well as through the completion of this matter.

18.    KCC's estimated fees and charges are based on certain information provided to KCC by the parties as well as significant assumptions.  Accordingly, the estimate is not intended to limit KCC's actual fees and charges, which may be less or more than estimated due to the scope of actual services or changes to the underlying facts or assumptions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 12, 2020 at Louisville, Kentucky.

_____
Orlando Castillejos

DECLARATION OF ORLANDO CASTILLEJOS RE: NOTICE PROCEDURES

# EXHIBIT A



462 South 4th Street          kccllc.com
Louisville, KY 40202

July 1, 2020

VIA PRIORITY MAIL

«First» «Last»
«Company»
«Address_1»
«Address_2»
«City», «State»  «Zip»

Re:     Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715

Dear «First» «Last»:

Kelley Drye & Warren LLP represents Quincy Bioscience, LLC ("Quincy") in a putative class action lawsuit entitled *Collins, et al. v. Quincy Bioscience LLC*, Case No. 19-22864-Civ-COOKIE/GOODMAN (the "Action"). The lawsuit is pending before the Honorable Marcia G. Cooke and the Honorable Jonathan Goodman in the United States District Court for the Southern District of Florida, Miami Division.  This letter is to advise you that Plaintiff filed an Amended Motion for Preliminary Approval of Class Action Settlement in connection with this class action lawsuit on June 24, 2020.   Kelley Drye & Warren LLP also represents Quincy Bioscience Holding Company, Inc., Prevagen, Inc., Quincy Bioscience Manufacturing, LLC, Mark Underwood, and Michael Beaman (collectively, with Quincy, "Defendants"), who are also parties to the class action settlement in the Action. This notice is being sent on behalf of all Defendants.

| | |
|---|---|
| **Case Name:** | *Collins, et al. v. Quincy Bioscience LLC* |
| **Case Number:** | Case No. 19-22864-Civ-COOKIE/GOODMAN |
| **Jurisdiction:** | United States District Court, Southern District of Florida, Miami Division |
| **Date Settlement Filed with Court:** | June 24, 2020 |

Defendants deny any wrongdoing or liability whatsoever, but have decided to settle the Action solely in order to eliminate the burden, expense, and uncertainties of further litigation.  In compliance with 28 U.S.C. § 1715(b), the following documents referenced below are included on the CD that is enclosed with this letter:



«First» «Last»
July 1, 2020
Page 2

1. **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:** A copy of *Plaintiff's Amended Class Action Complaint, Plaintiff's Second Amended Class Action Complaint* and *Stipulation to Allow Filing of Second Amended Class Action Complaint* are included in the enclosed CD Rom.

2. **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** The Court has scheduled a telephone conference regarding the Amended Motion for Preliminary Approval of Class Settlement on July 2, 2020. As of July 1, 2020, the Court has not yet scheduled a final fairness hearing in this matter. A copy of the *Amended Motion for Preliminary Approval of Class Settlement, Proposed Order Granting Amended Motion for Preliminary Approval*, and *Class Counsel's Resumes* are included on the enclosed CD Rom.

3. **28 U.S.C. § 1715(b)(3) – Notification to Class Members:** A copy of the proposed *Claim Form*, *Long Form Notice* and *Internet Notice* to be provided to the class are included on the enclosed CD Rom.

4. **28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** A copy of the *Settlement Agreement* is included on the enclosed CD Rom.

5. **28 U.S.C. § 1715(b)(6) – Final Judgment:** No Final Judgment has been reached as of July 1, 2020, nor have any Notices of Dismissal been granted at this time

6. **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimate of Class Members:** The proposed settlement class includes persons who did not purchase directly from Defendants. Accordingly, at this time a complete list of names of class members as well as each State of residence is not available, because the parties do not presently know the names or current addresses of all the proposed settlement class members and may not learn this information until the Settlement is preliminarily approved, the Court authorizes dissemination of information about the Settlement through the Class Notice, and claims are submitted. Pursuant to 28 U.S.C. § 1715(b)(7)(B), it is estimated that there are approximately 3,000,000 individuals in the class.

7. **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:** As the proposed Settlement is still pending final approval by the Court, as of July 1, 2020, there has been no written judicial opinion related to the settlement.



«First» «Last»
July 1, 2020
Page 3


      If for any reason you believe the enclosed information does not fully comply with 28 U.S.C. § 1715, please contact Shelby Meredith of KCC Class Action Services at (502) 301-6261.


      Thank you.

                        Sincerely,


                        */s/*
                        Shelby Meredith
                        Project Manager
                        KCC Class Action Services


Enclosure – CD-ROM

# EXHIBIT B

| Last | First | Company | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Clarkson | Kevin G. | Office of the Alaska Attorney General | 1031 W. 4th Avenue | Suite 200 | Anchorage | AK | 99501-1994 |
| Marshall | Steve | Office of the Alabama Attorney General | 501 Washington Avenue | PO Box 300152 | Montgomery | AL | 36130-0152 |
| Rutledge | Leslie | Arkansas Attorney General Office | 323 Center Street, Suite 200 | | Little Rock | AR | 72201-2610 |
| Brnovich | Mark | Office of the Arizona Attorney General | 2005 N Central Ave | | Phoenix | AZ | |
| CAFA Coordinator | | Office of the Attorney General | Consumer Law Section | 455 Golden Gate Ave., Suite 11000 | San Francisco | CA | 85004 |
| | | | | | | | 94102 |
| Weiser | Phil | Office of the Colorado Attorney General | Ralph L. Carr Judicial Building | 1300 Broadway, 10th Floor | Denver | CO | 80203 |
| Tong | William | State of Connecticut Attorney General's Office | 55 Elm Street | | Hartford | CT | 06106 |
| Racine | Karl A. | District of Columbia Attorney General | 441 4th Street, NW, Suite 1100 South | | Washington | DC | 20001 |
| Barr | William | Attorney General of the United States | United States Department of Justice | 950 Pennsylvania Avenue, NW | Washington | DC | 20530-0001 |
| Jennings | Kathy | Delaware Attorney General | Carvel State Office Building | 820 N. French Street | Wilmington | DE | 19801 |
| Moody | Ashley | Office of the Attorney General of Florida | The Capitol, PL-01 | | Tallahassee | FL | 32399-1050 |
| Carr | Chris | Office of the Georgia Attorney General | 40 Capitol Square, SW | | Atlanta | GA | 30334-1300 |
| Connors | Clare E. | Office of the Hawaii Attorney General | 425 Queen Street | | Honolulu | HI | 96813 |
| Miller | Tom | Iowa Attorney General | Hoover State Office Building | 1305 E. Walnut Street | Des Moines | IA | 50319 |
| Wasden | Lawrence G. | State of Idaho Attorney General's Office | 700 W. Jefferson Street, Suite 210 | P.O. Box 83720 | Boise | ID | 83720-0010 |
| Raoul | Kwame | Illinois Attorney General | James R. Thompson Center | 100 W. Randolph Street | Chicago | IL | 60601 |
| Hill, Jr. | Curtis T. | Indiana Attorney General's Office | Indiana Government Center South | 302 West Washington Street, 5th Floor | Indianapolis | IN | 46204 |
| Schmidt | Derek | Kansas Attorney General | 120 S.W. 10th Ave., 2nd Floor | | Topeka | KS | 66612-1597 |
| Cameron | Daniel | Office of the Kentucky Attorney General | 700 Capitol Ave | Capitol Building, Suite 118 | Frankfort | KY | 40601 |
| Landry | Jeff | Office of the Louisiana Attorney General | 1885 N Third St | PO Box 94005 | Baton Rouge | LA | 70804-4095 |
| Healey | Maura | Office of the Attorney General of Massachusetts | 1 Ashburton Place | 20th Floor | Boston | MA | 02108-1518 |
| Frosh | Brian E. | Office of the Maryland Attorney General | 200 St. Paul Place | | Baltimore | MD | 21202-2202 |
| Frey | Aaron M. | Office of the Maine Attorney General | 6 State House Station | | Augusta | ME | 04333 |
| Nessel | Dana | Office of the Michigan Attorney General | G. Mennen Williams Building | 525 W. Ottawa Street, P.O. Box 30212 | Lansing | MI | 48909-0212 |
| Ellison | Keith | Office of Minnesota Attorney General | Attention: CAFA Coordinator | 445 Minnesota Street, Suite 1400 | St. Paul | MN | 55101-2131 |
| Schmitt | Eric | Missouri Attorney General's Office | Supreme Court Building | 207 W. High Street, P.O. Box 899 | Jefferson City | MO | 65101 |
| Fitch | Lynn | Mississippi Attorney General's Office | 550 High Street | | Jackson | MS | 39201 |
| Fox | Tim | Office of the Montana Attorney General | Justice Bldg. | 215 N. Sanders Street | Helena | MT | 59601 |
| Stein | Josh | Office of the North Carolina Attorney General | Consumer Protection Division | 9001 Mail Service Center | Raleigh | NC | 27699-9001 |
| Stenehjem | Wayne | North Dakota Office of the Attorney General | State Capitol | 600 E. Boulevard Avenue, Dept. 125 | Bismarck | ND | 58505-0040 |
| Peterson | Doug | Office of the Nebraska Attorney General | 2115 State Capitol | | Lincoln | NE | 68509-8920 |
| MacDonald | Gordon | New Hampshire Attorney General | 33 Capitol Street | | Concord | NH | 03301-6397 |
| Grewal | Gurbir S. | Office of the New Jersey Attorney General | Richard J. Hughes Justice Complex | 25 Market Street, P.O. Box 080 | Trenton | NJ | 08625 |
| Balderas | Hector | Office of the New Mexico Attorney General | 408 Galisteo Street | Villagra Building | Santa Fe | NM | 87501 |
| Ford | Aaron D | Nevada Attorney General | Old Supreme Ct. Bldg. | 100 North Carson Street | Carson City | NV | 89701 |
| James | Letitia | CAFA Coordinator | Office of the Attorney General | The Capitol | Albany | NY | 12224-0341 |
| Yost | Dave | Ohio Attorney General | State Office Tower | 30 E. Broad Street, 14th Floor | Columbus | OH | 43215 |
| Hunter | Mike | Oklahoma Office of the Attorney General | 313 NE 21st Street | | Oklahoma City | OK | 73105 |
| Rosenblum | Ellen F. | Office of the Oregon Attorney General | Justice Building | 1162 Court Street, NE | Salem | OR | 97301 |
| Shapiro | Josh | Pennsylvania Office of the Attorney General | 16th Floor, Strawberry Square | | Harrisburg | PA | 17120 |
| Neronha | Peter F. | Rhode Island Office of the Attorney General | 150 South Main Street | | Providence | RI | 02903 |
| Wilson | Alan | South Carolina Attorney General | Rembert C. Dennis Office Bldg. | P.O. Box 11549 | Columbia | SC | 29211-1549 |
| Ravnsborg | Jason | South Dakota Office of the Attorney General | 1302 East Highway 14, Suite 1 | | Pierre | SD | 57501-8501 |
| Slatery, III | Herbert H. | Tennessee Attorney General and Reporter | P.O. Box 20207 | | Nashville | TN | 37202-0207 |
| Paxton | Ken | Attorney General of Texas | | P.O. Box 12548 | Austin | TX | 78711-2548 |
| Reyes | Sean D. | Utah Office of the Attorney General | State Capitol, Room 236 | 350 N State St, Suite 230 | Salt Lake City | UT | 84114-0810 |
| Herring | Mark R. | Office of the Virginia Attorney General | 202 North Ninth Street | | Richmond | VA | 23219 |
| Donovan | TJ | Office of the Attorney General of Vermont | 109 State Street | | Montpelier | VT | 05609-1001 |
| Ferguson | Bob | Washington State Office of the Attorney General | 1125 Washington St SE | P.O. Box 40100 | Olympia | WA | 98504-0100 |
| Kaul | Josh | Office of the Wisconsin Attorney General | Dept of Justice, State Capitol | P.O. Box 7857 | Madison | WI | 53707-7857 |
| Morrisey | Patrick | West Virginia Attorney General | State Capitol Complex, Bldg. 1 | Room-E-26 | Charleston | WV | 25305 |
| Hill | Bridget | Office of the Wyoming Attorney General | Kendrick Building | 2320 Capitol Avenue | Cheyenne | WY | 82002 |
| Longo | Dennise | Puerto Rico Attorney General | P.O. Box 902192 | | San Juan | PR | 00902-0192 |
| | | Office of the Attorney General | P.O. Box 1365 | | Koror | PW | 96940 |
| Ale | Talauega | American Samoa Attorney General | Department of Legal Affairs, Executive Office Bldg., 3rd Floor | P.O. Box 7 | Utulei | AS | 96799 |
| Wesley Smith | Dana | Office of the Attorney General | Governor's Office, Pohnpei State Government | | Palikir, Pohnpei | FM | 96941 |
| Taitano-Camacho | Leevin | Office of the Attorney General Office of Guam | 590 S. Marine Corps Drive | Suite 901 | Tamuning | Guam | 96913 |
| | | Office of the Attorney General | P.O. Box 890 | | Majuro | MH | 96960 |
| Manibusan | Edward E. | Northern Mariana Islands Attorney General | Administration Building | PO Box 10007 | Saipan | MP | 96950-8907 |
| George-Counts | Denise | Virgin Islands Attorney General, Department of Justice | 34-38 Kronprindsens Gade | GERS Bldg, 2nd Floor | St. Thomas | VI | 00802 |

# EXHIBIT C

Notice of Pendency and Proposed
Settlement of Class Action

*Collins v. Quincy Bioscience*

Claims Administrator
P.O. Box 43192
Providence, RI 02940-3192

**If you purchased Prevagen®
from January 1, 2007 to
July 21, 2020, you could
obtain cash benefits
from a class action.**

*Prevagen® Products Include:
Prevagen® Regular Strength 30 Count,
60 Count, and Chewables; Prevagen®
Extra Strength 30 Count, 60 Count,
and Chewables; and Prevagen®
Professional Strength.*

Please visit the settlement website
for more information and details.

**www.quincybiosciencesettlement.com
1-866-250-5157**

# QUC

Postal Service: Please Do Not Mark Barcode

QUC-«Claim8»-«CkDig»

Claim ID: <<Claim8>>
PIN: <<PIN>>

«FirstNAME» «LastNAME»
«Addr1» «Addr2»
«City», «State»«FProv» «Zip»«FZip»
«FCountry»

You may be affected by a class action lawsuit alleging that Quincy Bioscience, LLC advertised benefits of Prevagen® relating to memory improvement that were false and misleading and violated Florida's Deceptive and Unfair Trade Practices Act, as well as other laws. Quincy denies Plaintiffs' claims.

**Am I included?** You are receiving this notice because you may have purchased one or more Prevagen® Products directly from a Settling Defendant or from an authorized reseller for personal consumption and not resale, within the United States from January 1, 2007 to July 21, 2020 ("Settlement Class Members").

**What does the settlement provide?** Settlement Class Members who submit a valid Claim Form will receive a cash refund of 30% of the Quincy MSRP for their qualifying purchases; up to $70.00 per claimant with proof of purchase and up to $12.00 per claimant without proof of purchase. Quincy MSRP: $39.95 for Regular Strength 30 Count or Chewables; $74.95 for Regular Strength 60 Count; $59.95 for Extra Strength 30 Count or Chewables; $109.95 for Extra Strength 60 Count; and $89.95 for Professional Strength.

**How do I get a payment?** You must complete, sign, and submit a Claim Form by **October 26, 2020**. Claim Forms may be filed online, printed from the website or obtained by calling 1-866-250-5157.

**Your other options.** If you are included in the settlement and do nothing, your rights will be affected and you won't get a payment. If you don't want to be legally bound by the settlement, you must exclude yourself from it by **October 27, 2020**. Unless you exclude yourself, you won't be able to sue or continue to sue any of the Settling Defendants or related parties for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections and requests to appear are due by **October 27, 2020**.

**The Court's hearing.** The Court has scheduled a Final Approval Hearing for November 17, 2020 at 10:30 a.m. at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Room 1168, Miami, Florida 33132. At the hearing, the Court will decide whether to approve the settlement; Class Counsel's request for attorneys' fees and costs (up to $4,214,000.00), and $10,000.00 service awards to each Class Representative and $2,000.00 to each Additional Plaintiff who brought their own action. For further information on how to attend the hearing (which may be conducted via Zoom), please visit the settlement website.

**Want More Information?** For additional information go to www.quincybiosciencesettlement.com, call 1-866-250-5157 or write to the return address.

# EXHIBIT D

Claim ID: %%cf_Claim8%%
PIN: %%cf_PIN%%

## Notice of Pendency and Proposed Settlement of Class Action

## To: All individuals who purchased Prevagen® Products from January 1, 2007 to July 21, 2020.

*Products Include: Prevagen® Regular Strength 30 Count, 60 Count, and Chewables*
*Prevagen® Extra Strength 30 Count, 60 Count, and Chewables*
*and Prevagen® Professional Strength.*

Your rights may be affected by this class action lawsuit and the proposed settlement of the lawsuit discussed in this Court-authorized Notice ("Proposed Settlement"). This Notice is to inform you of the conditional certification of a settlement class, the nature of the claims at issue, your right to participate in, or exclude yourself from, the class, and the effect of exercising your various options.

## You are not being sued.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| DO NOTHING | If you do nothing, you will be bound by the Settlement and its benefits, if it is approved. |
| EXCLUDE YOURSELF | Write to the Claims Administrator if you do not want to benefit from, or be bound by, this Settlement. |
| OBJECT | File an objection with the Court if you are not satisfied with the Settlement. |
| GO TO A HEARING | If you file an objection, you may ask for permission to speak in Court about the fairness of the Settlement. |
| MAKE A CLAIM | Make a claim for benefits under the Settlement. |

Your legal rights and options-**and the deadlines to exercise them**-are explained in this Notice. Your legal rights may be affected whether you act or do not act. Please read this Notice carefully. Capitalized terms in this Notice have the same meaning as provided in the Settlement Agreement on file with the Court.

### 1. Why did the Court issue this Notice?

This Notice is given to inform you that: (1) a class action lawsuit is pending in the United States District Court for the Southern District of Florida entitled *Collins, et al. v. Quincy Bioscience LLC*, Case No. 19-22864-Civ-COOKE/GOODMAN (S.D. Fla.) (the "Action"); (2) you may be a Settlement Class Member; (3) the parties have proposed to settle the Action; (4) the Proposed Settlement may affect your legal rights; and (5) you have a number of options.

### 2. What is this Action about?

Plaintiffs have brought this action against Defendants, on behalf of themselves and all other persons who, from January 1, 2007 to and including July 21, 2020 (the "Class Period"), purchased in the United States for consumption and not resale bottles of Prevagen®. Prevagen® Products include Prevagen® Regular Strength 30 Count, Prevagen® Regular Strength Chewables, Prevagen® Regular Strength 60 Count, Prevagen® Extra Strength 30 Count, Prevagen® Extra Strength Chewables, Prevagen® Extra Strength 60 Count and Prevagen® Professional Strength.

Plaintiffs alleged that Quincy Bioscience, LLC's ("Quincy") advertised benefits of Prevagen® relating to memory improvement that were false and misleading. Plaintiffs maintain that Defendant's actions constitute violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101, as well as other laws.

Quincy denies Plaintiffs' claims and charges, denies that it has violated any laws, and maintains that the labeling, packaging, and marketing of Prevagen® have always been truthful and not deceptive.

In addition to this Action, this Settlement also resolves all Prevagen Actions (as defined in the Settlement Agreement), including *Racies v. Quincy Bioscience, LLC*, Case No. 15-cv-00292-HSG (N.D. Cal.) ("*Racies*") *Vanderwerff v. Quincy Bioscience Holding Co., Inc., et al.*, Case No. 1:19-cv-07582-RA (S.D.N.Y.); *Karathanos v. Quincy Bioscience Holding Co., Inc., et al.*, Case No. 1:19-cv-08023-RA (S.D.N.Y.); *Spath v. Quincy Bioscience Holding Co., Inc., et al.*, Case No. 1:19-cv-03521-RA (S.D.N.Y.); *Engert, et al. v. Quincy Bioscience, LLC*, Case No. 1 :19-cv-183-LY (W.D. Tex.); and *Miloro v. Quincy Bioscience, LLC,* Case No. 16PH-cv01341 (Mo. Cir. Ct. filed Sept. 12, 2016).

## 3. How do I know if I am part of the Settlement Class?

The Court has conditionally certified a Settlement Class defined as the following:

> All individuals who purchased one or more Prevagen® Products from a Settling Defendant or from a reseller authorized by the Settling Defendants to sell Prevagen® Products, for personal consumption and not resale, within the United States from January 1, 2007 to July 21, 2020.

Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of a Settling Defendant or any of its respective affiliates; and (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons.

## 4. What are the reasons for the Settlement?

The Court did not decide in favor of the Plaintiffs or Defendants. Instead, both sides agreed to a settlement that they believe is a fair, reasonable, and adequate compromise of their respective positions. The parties reached this agreement only after extensive negotiations, an exchange of information, and consideration of the risks and benefits of settlement.

Counsel for Plaintiffs and the Settlement Class Members have considered the substantial benefits from the Proposed Settlement that will be given to the Settlement Class Members and balanced these benefits with the risk that a trial could end in a verdict for Defendants. They also considered the value of the immediate benefit to Settlement Class Members versus the costs and delay of litigation through trial and appeals and the risk that a class would not be certified. Even if Plaintiffs were successful in these efforts, Settlement Class Members may not receive any benefits for years.

## 5. What does the Settlement provide?

**Benefits.** If the Proposed Settlement is ultimately approved by the Court, it will provide cash payments and other relief to the Settlement Class. In return for the relief described below, the Settlement Class Members release their rights to pursue any claims against Defendants and related entities concerning or relating to the allegations raised in this Action. The central provisions of the Settlement are as follows:

In consideration of the mutual covenants and promises set forth herein, and subject to Court approval, the Parties, including Additional Plaintiffs and Plaintiffs' Counsel, agree as follows:

A. **Injunctive Relief:** The Parties have agreed to the following Injunctive Relief. For the purpose of this Agreement, the following definitions apply:

1. "**Covered Product**" means all Prevagen® Products as defined in the Settlement Agreement.

2. "**Defendants**" or "**Settling Defendants**" means Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., d/b/a Sugar River Supplements, Quincy Bioscience Manufacturing, LLC, Mark Underwood and Michael Beaman.

3. "**Competent and reliable scientific evidence**" are "tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results."

4. **Prohibited Representations: Improving Memory**

The Settling Defendants agree that they will not make, or assist others in making, expressly or by implication, including through the use of a product name, endorsement, testimonial, depiction, or illustration, any representation that such Covered Product with respect to humans:

>  A. improves memory;
>  B. improves memory within 90 days or any other period of time; or
>  C. reduces memory problems associated with aging

unless the representation is non-misleading. A representation is non-misleading if, at the time of making such representation, the Settling Defendants possess and rely upon competent and reliable scientific evidence substantiating that the representation is true, or if the representation is clearly and conspicuously qualified by either:

a. A disclaimer substantially similar to the following: "Based on a clinical study of subgroups of individuals who were cognitively normal or mildly impaired. This product is not intended to diagnose, treat, cure, or prevent any disease."; or

b. A disclaimer substantially similar to the following: "Based on results from two subgroups of individuals who participated in a randomized double blind placebo controlled clinical study. Participants in the two subgroups were cognitively normal or mildly impaired. This product is not intended to diagnose, treat, cure, or prevent any disease."

B. **Monetary Relief:** The Settling Defendants shall offer partial refunds to Settlement Class Members for purchases of Prevagen® Products based upon a two-tier monetary relief structure to be distributed through an uncapped claims-made settlement, where, subject to the following provisions of the Claims Process:

1. The Settling Defendants agree to pay to all Settlement Class Members with Proof of Purchase who submit a valid "Claim Form" a cash refund of 30% of the Quincy MSRP for the Prevagen® Products those claimants purchased within the Class Period, **up to $70.00 per individual claimant**.

2. The Settling Defendants agree to pay all Settlement Class Members without Proof of Purchase who submit a valid "Claim Form" a cash refund of 30% of the Quincy MSRP for the Prevagen® Products those claimants purchased within the Class Period, **up to $12.00 per claimant**.

3. The Quincy MSRP shall be defined as:

   - $39.95 for Prevagen® Regular Strength 30 Count or Prevagen® Regular Strength Chewables;

   - $74.95 for Prevagen® Regular Strength 60 Count;

   - $59.95 for Prevagen® Extra Strength 30 Count or Prevagen® Extra Strength Chewables;

   - $109.95 for Prevagen® Extra Strength 60 Count; and

   - $89.95 for Prevagen® Professional Strength.

C. **Notice to the Class and Administration:**

In addition to the above relief, Defendants will also pay for the costs of Notice and to administer the Settlement.

**D.      Claim Form (May be Filed Online or By Mail):**

To receive a cash payment, Settlement Class Members must complete, sign, and submit a Claim Form **ON OR BEFORE October 26, 2020**. For some claims, proof of purchase is required. Please review the Claim Form for more information.

**You may visit www.quincybiosciencesettlement.com to file your claim online, or obtain a Claim Form by calling 1-(866) 250-5157.**

You can also obtain a Claim Form by letter request, enclosing a self-addressed, stamped envelope to *Collins v. Quincy* Claims Administrator, P.O. Box 43192, Providence, RI 02940-3192.

**E.      Release:**

Unless you exclude yourself from the Settlement Class, approval of this Proposed Settlement will result in a release by you of all claims against Defendants and other related entities and individuals concerning or relating to the allegations raised in this Action.

**F.      More Information:**

The complete terms of the Settlement are in the Settlement Agreement, which is available online at www.quincybiosciencesettlement.com or by calling 1-(866) 250-5157.

| **6. Do I have a lawyer in the case?** |
| --- |

The Court has appointed the following counsel as Class Counsel: Adam Moskowitz of The Moskowitz Law Firm, PLLC and Jack Scarola of Searcy Denney Scarola Barnhart & Shipley PA as Class Counsel or Co-Lead Counsel. You also have a right to obtain your own attorney. But, if you hire your own attorney, you will have to pay that attorney. You can ask your attorney to appear at the Final Approval Hearing for you if you want someone other than Class Counsel to represent you.

| **7. How will the lawyers for the Settlement Class be paid?** |
| --- |

The Parties negotiated the payment of attorneys' fees and costs, over and above the class relief, only after reaching agreement upon all other terms of this Settlement Agreement. Moreover, the Settlement Agreement is not contingent upon the award of any particular amount of attorneys' fees and costs. Like all class action settlements, the amount of attorneys' fees and costs awarded to Class Counsel is left to the discretion of this Court. The Parties have agreed, however, that separate and apart from the monetary relief Defendants will provide to the Settlement Class, and subject to Court approval, Defendants will not object to a collective award of attorneys' fees and costs up to $4,214,000.00 for Class Counsel, and other Plaintiffs' Counsel as defined in the Settlement Agreement. Further, Defendants have agreed to not oppose a request for Class Representative awards in the amount of $10,000.00 each to Juan Collins and John Fowler, and $2,000.00 each to Additional Plaintiffs (who brought their own actions) Philip Racies, Elaine Spath, John Karathanos, James Vanderwerff, Max Engert, Jack Purchase, Ronald Atkinson, and Diana Miloro.

Class Counsel will file any motion for an award of Class Counsel's Fees on or before October 16, 2020.

| **8. What happens if I do nothing after receiving this Notice?** |
| --- |

If you do nothing, and the Court approves the Settlement, you will be bound by the terms of the Settlement and will be unable to pursue claims against Defendants and other related entities concerning or relating to the allegations raised in this Action.

As long as you do not request exclusion from the Settlement Class, you may be entitled to the refunds described in Section 5 if you properly submit a Claim Form.

**You must complete and submit a Claim Form online or postmarked no later than October 26, 2020, or your claim will not be considered and will be rejected.**

## 9. What does it mean to request exclusion from the Settlement Class?

If you come within the Settlement Class definition, you will be a Settlement Class Member and will be bound by the settlement if the Court approves it unless you exclude yourself from the Settlement Class (also known as "opting out"). Being "bound by the settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Settlement Class will not be bound by the terms of the Proposed Settlement for purposes of damages claims and will not be eligible to receive any money from the Proposed Settlement, but they will retain the right to sue Defendants for damages at their own cost.

You cannot exclude yourself from the Settlement Class and the Proposed Settlement if you wish to object to the Settlement and/or appear before the Court during the Final Approval Hearing (see Sections 11 and 12), as you need to be a Settlement Class Member affected by the Settlement to object or appear.

## 10. How do I request exclusion?

You may exclude yourself from the Settlement Class (for purposes of damages claims only) provided that your request is made in writing and postmarked before **October 27, 2020**. To exclude yourself, send a letter that includes (a) the name of the case, (b) your name, current address, telephone number, and signature, and (c) a clear statement communicating that you elect to be excluded from the settlement. Your written request to exclude yourself from the Settlement must be sent to the *Collins v. Quincy Bioscience* Claims Administrator at P.O. Box 43192, Providence, RI 02940-3192.

You will be excluded from the Settlement only if your request is *postmarked* on or before **October 27, 2020**, and includes the required information. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified shall be bound by all terms of the Proposed Settlement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Proposed Settlement.

In determining whether you want to exclude yourself from the Settlement, you are advised to consult your own personal attorney, as there may be issues particular to your circumstances that require consideration.

## 11. What if I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Proposed Settlement. To object, you must provide the following information in writing: (i) your full name, current address, and current telephone number; (ii) documentation or attestation sufficient to establish membership in the Class; (iii) a statement of the position(s) you wish to assert, including the factual and legal grounds for the position(s); (iv) copies of any other documents that you wish to submit in support of your position; and (v) your signature.

You must file your objection before **October 27, 2020** with the Clerk of Court, Southern District of the Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and serve at that same time upon both of the following:

    (1) Co-Lead Class Counsel

        Adam Moskowitz, Esq.
        The Moskowitz Law Firm, PLLC
        2 Alhambra Plaza
        Suite 601

Coral Gables, FL 33134
and

(2) Defendants' Counsel

Geoffrey W. Castello, Esq.
Kelley Drye & Warren LLP
One Jefferson Road
2nd Floor
Parsippany, NJ 07054

If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid and will be overruled.

Finally, subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Awards, Additional Plaintiff Awards, and reimbursement of reasonable litigation costs and expenses. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendants' Counsel (at the addresses listed above),
a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before **October 27, 2020**.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear, in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

## 12. When and where will the Court determine whether to approve the Settlement?

The Court has scheduled a Final Approval Hearing for November 17, 2020 at 10:30 a.m. at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Room 1168, Miami, FL 33132. This hearing may be continued or rescheduled by the Court without further notice.  The Final Approval Hearing will either be a traditional, in-Court hearing or a Zoom video hearing, depending on the status of the COVID-19 pandemic. The Court will issue specific instructions approximately three weeks before the final hearing regarding the manner in which the Final Approval Hearing will be conducted.  The Settlement Website will be updated to reflect the Court's instructions.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for attorneys' fees and expenses. The Court also will consider objections. The Court may decide these issues at the Final Approval Hearing or take them under consideration. We do not know how long these decisions will take.

## 13. Do I have to come to the hearing?

No. You are not required to come to the hearing, but you are welcome to come at your own expense.

Settlement Class Members who object to the Proposed Settlement do not need to attend the Final Approval Hearing for their objections to be considered. If you wish to appear either personally or through your own personal attorney at the Final Approval Hearing, you must send both a timely objection and a Notice of Intention to Appear to the Clerk of the Court at the address set forth in Section 11 above, and serve copies on Class Counsel and counsel for Defendants at the addresses set forth in Section 11 above no later than October 27, 2020.

Your Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that you or your counsel will present to the Court at the hearing or for any purpose relating to the Settlement. Any Settlement Class

Member who does not file and serve a Notice of Intention to Appear in accordance with these instructions will be barred from speaking at any hearing concerning this Proposed Settlement or otherwise objecting to the Proposed Settlement.

**14. What if the Proposed Settlement is not approved?**

If the Proposed Settlement is not granted final approval, the putative Settlement Class which has been preliminarily approved will be decertified, this action will proceed without further notice, and none of the agreements set forth in this Notice will be valid or enforceable.

**15. How do I get more information about the Settlement?**

This Notice only summarizes the Proposed Settlement. The official terms of the Proposed Settlement are available by visiting the Settlement Website at www.quincybiosciencesettlement.com, reviewing the public files at the Clerk of the Court, Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128 or by calling 1-(866) 250-5157 and requesting a copy of the Settlement Agreement. In the event of a conflict between the terms of this Notice and the Proposed Settlement, the terms of the Proposed Settlement will govern.

All questions you may have concerning the Settlement Agreement or this Notice should be directed to *Collins v. Quincy* Claims Administrator at 1-(866) 250-5157.

**<u>Please DO NOT Contact the Court.</u>**

# EXHIBIT E

# *Collins v. Quincy Bioscience LLC*

# Digital Media Screenshots



*Collins v. Quincy Bioscience LLC* 728390 Case 1:19-cv-22864-MGC   Document 162-2   Entered on FLSD Docket 10/16/2020   Page 26 of 33

Placement: AARP.com





*Collins v. Quincy Bioscience LLC 2300x250*

Placement: Aol.com





*Collins v. Quincy Bioscience LLC 22864*
Placement: HuffingtonPost.com





*Collins v. Quincy Bioscience LLC 2300-600*
Case 1:19-cv-22864-MGC   Document 162-2   Entered on FLSD Docket 10/16/2020   Page 29 of 33

Placement: Investing.com





*Collins v. Quincy Bioscience LLC* 300x250
Placement: TheHill.com





*Collins v. Quincy Bioscience LLC 2:00 6:00*
Placement: USAToday.com





# EXHIBIT F

Exclusion List

| ClaimID | FirstName | LastName |
| --- | --- | --- |
| QUC-100368751 | LEE | SHIGAKI |
| QUC-100638090 | DEBORAH J | KRUSE |
| QUC-100691587 | LUCILLE | MCCUNE |
| QUC-100854842 | MARY | TOPOLOVEC |
| QUC-100940447 | BEATRICE | LYDECKER |
| QUC-101402635 | WILLIAM P | WARREN JR |
| QUC-101499574 | ANN M | MCREYNOLDS |